**In the Interest of M.I.M., A Child.**

**No. 05–10–00850–CV.**

Court of Appeals of Texas, Dallas.

May 23, 2012.

**96**

---

Greg Abbott, Atty. Gen., Michael Becker, Rande Herrell, John B. Worley, Deterrean Gamble, Alicia Gray Key, Attorney General Office, Child Support Division, Austin, TX, Mara Flanagan Friesen, Henderson, TX, for Appellant.

John E. Agnew, Burleson, Pate & Gibson, L.L.P., for Appellee.

Before Justices BRIDGES, MARTIN RICHTER, and MURPHY.

## OPINION

Opinion by Justice MARTIN RICHTER.

Appellant, the Office of the Attorney General of Texas, appeals a trial court order granting a plea to the jurisdiction filed by appellee, Brent Duaine Blackmore. The Office of Attorney General's suit was filed under the Uniform Interstate Family Support Act to establish child support for M.I.M. For the reasons that follow, we reverse the trial court order and remand this case for further proceedings.

### Background

M.I.M. was born on January 16, 2001 to Lilia Noemi Morales ("Morales") and Brent Duaine Blackmore ("Blackmore"). Morales and Blackmore signed an acknowledgment of paternity in August 2001. The Office of the Attorney General of Texas ("OAG") filed suit to establish child support for M.I.M. in 2002, in the 296th District Court of Collin County, Texas. Morales and Blackmore signed temporary

orders naming both as temporary joint managing conservators. After approximately six weeks of sharing custody, Morales took M.I.M. and fled to Guatemala City. Neither the OAG nor Blackmore took further action and the OAG ultimately nonsuited the case. No final custody order was entered and in 2004, the 296th District Court dismissed the case for want of prosecution.

In December 2009, the OAG filed a petition under the Uniform Interstate Family Support Act ("UIFSA") to establish child support for M.I.M., this time in the 219th District Court in Collin County, Texas. Blackmore filed a "Plea to the Jurisdiction, Plea in Abatement and subject thereto Answer." The 219th District Court granted the plea to the jurisdiction, dismissed the case, and the OAG now appeals.

The OAG raises five issues on appeal: (1) & (3) Whether the trial court had jurisdiction to establish child support for M.I.M. when a petition was filed under the UIFSA and Texas has the ability to obtain personal jurisdiction over Blackmore; (2) Whether the 296th District Court in Collin County was the court of continuing exclusive jurisdiction when the prior case in that court was dismissed for want of prosecution; (4) Whether the death of the child for whom the duty of support is owed is an affirmative defense on which the parent seeking to avoid the establishment of support bears the burden of proof; and (5) Whether section 152.208 of the Texas Family Code applies in a child support case brought under the UIFSA.

### Standard of review

Whether a court has subject matter jurisdiction is a question of law that is reviewed de novo. *In re S.J.A.,* 272 S.W.3d 678, 681–82 (Tex.App.-Dallas 2008, no pet.) (citing *Powell v. Stover,* 165 S.W.3d 322, 324 (Tex.2005); *Seligman–*

*Hargis v. Hargis,* 186 S.W.3d 582, 585 (Tex.App.-Dallas 2006, no pet.)). Whether the petition contains factual allegations that affirmatively demonstrate the trial court's subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). We liberally construe the pleadings in favor of the party invoking jurisdiction. *Seligman–Hargis,* 186 S.W.3d at 585; *Miranda,* 133 S.W.3d at 226. We must also consider relevant evidence when necessary to resolve the jurisdictional issue. *In re S.J.A.,* 272 S.W.3d at 682.

■ We review the trial court's interpretation of applicable statutes de novo. *Waltenburg v. Waltenburg,* 270 S.W.3d 308, 312 (Tex.App.-Dallas 2008, no pet.). In construing a statute, we are to determine and give effect to the legislature's intent. *Id.* We look at the statute's plain and common meaning and presume the legislature intended the plain meaning of its words. *Nat'l Liab. and Fire Ins. Co. v. Allen,* 15 S.W.3d 525 (Tex.2000).

### Two uniform laws

■ Texas has adopted two uniform laws that govern foreign and interstate child support and custody. The standards under each act are different and they evaluate jurisdiction independently. Each act is based on a completely independent uniform law. *See* Uniform Interstate Family Support Act (amended 2008), 9 U.L.A. 159 (2005 & Supp.2010); Uniform Child Custody Jurisdiction and Enforcement Act, 9

U.L.A. 649 (1999 & Supp.2010). The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in chapter 152 of the Family Code, governs child custody.[1] The Uniform Interstate Family Support Act ("UIFSA") is codified in chapter 159 of the Family Code and it governs child support.[2] A court's jurisdiction to hear a child support issue does not confer jurisdiction upon that court to determine issues of custody or visitation. *See Flores v. Melo–Palacios,* 921 S.W.2d 399 (Tex.App.-Corpus Christi 1996, writ denied). The United States Supreme Court has established that the bases of jurisdiction in interstate child support cases are very different from the interstate child custody cases. *Compare Kulko v. Superior Ct.,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (jurisdiction in child support claim is based on minimum contacts of the obligor with the forum state) *with May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) (jurisdiction in child custody claim is based on domicile of the child).

### Jurisdiction under UIFSA

■ In its first and third issues, the OAG asserts the 219th District Court has jurisdiction to establish child support for M.I.M. because the OAG filed a petition under UIFSA and Texas has the ability to obtain personal jurisdiction over Blackmore. We agree; a petition was filed by the OAG, pursuant to chapter 159 of the Texas Family Code, and the district court in Collin County, Texas has the ability to establish personal jurisdiction over Black-

---

1. Chapter 152 was adopted by the Texas Legislature effective September 1, 1999. Act of Apr. 22, 1999, 76th Leg., R.S., ch. 34 § 1, 1999 Tex. Gen. Laws 52 (codified at Tex. Fam. Code Ann. §§ 152.001–.317).

2. Chapter 159 was adopted by the Texas Legislature six years prior to the UCCJEA and

was effective September 1, 1993. Act of May 8, 1993, 73d Leg., R.S., ch. 970, § 1, 1993 Tex. Gen. Laws 4212–35 (UIFSA was recodified effective Apr. 20, 1995 by H.B. 655. See Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, §§ 159.001–.902, 1995 Tex. Gen. Laws 195–208 (to be codified at Tex. Fam.Code Ann. §§ 159.001–.902)).

more. *See* TEX. FAM.CODE ANN. § 159.301 (West 2008). The record shows Morales requested the OAG assist her in obtaining child support for M.I.M. Under § 159.307, the OAG is required to take action on behalf of Morales to obtain jurisdiction over Blackmore. *See* TEX. FAM.CODE ANN. § 159.307 (West 2008). Further, the code directs the filing of a petition in a tribunal that has or can obtain personal jurisdiction over the respondent. TEX. FAM.CODE ANN. § 159.301(c) (West 2008). It is undisputed that a district court in Collin County, Texas is the appropriate forum for obtaining personal jurisdiction over Blackmore. We sustain the OAG's first and third issues.

### Appropriate district court

■ In its second issue, the OAG contends the trial court erred in its tenth finding of facts by stating, "This court has no subject matter jurisdiction over this matter, the subject matter jurisdiction, if any, being with the 296th District Court of Collin County, Texas."

The duration of personal jurisdiction, when acquired in a proceeding under this chapter for a support order, continues as long as the tribunal has continuing, exclusive jurisdiction to enforce its order. *See* TEX. FAM.CODE ANN. § 159.202 (West 2008). However, the initial 2002 proceedings that were filed in the 296th District Court were dismissed for want of prosecution. After Morales and M.I.M. fled the country, neither Blackmore nor the OAG pursued a final custody or support order. A voluntary or involuntary dismissal of a suit affecting the parent-child relationship does not create continuing, exclusive jurisdiction in a court. TEX. FAM.CODE ANN. § 155.001(b)(1) (West 2008). Thus, the failure to pursue a final order in the 2002 proceeding negates the existence of continuing, exclusive jurisdiction in the 296th

District Court. We sustain the OAG's second issue.

### The existence of M.I.M.

■ In its fourth issue, the OAG claims the death of a child for whom the duty of support is owed is an affirmative defense on which the parent seeking to avoid the establishment of child support bears the burden of proof. Blackmore responds that Morales has brought forth no competent proof of the current residency or existence of M.I.M.

■ The rights and duties of a parent are established under the Texas Family Code once the child is born. *See e.g. Office of the Attorney General v. Carter,* 977 S.W.2d 159, 161 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Among those duties, is the duty to support the child. TEX. FAM.CODE ANN. § 151.001(a)(3) (West 2011). The duty of support terminates upon the death of the child. TEX. FAM. CODE ANN. § 154.006(a)(3) (West Supp. 2011). As such, it is a matter of avoidance which must be pleaded as an affirmative defense. TEX.R. CIV. P. 94.

In this suit, Blackmore signed an acknowledgment of paternity claiming to be the father of M.I.M. In his Plea in Abatement/Answer below, Blackmore responded that the "matter should be abated until the person now claiming to be [M.I.M.] can be properly identified by DNA or other testing as to establish that she is the same person as the [M.I.M.] that was illegally abducted from this jurisdiction over eight years ago." In the answer section of Blackmore's pleading, he adopted his statement requesting the proper identification of M.I.M. as an affirmative defense.

The trial court's eleventh finding of facts states, "This court has no subject matter jurisdiction over this action in that the residency or the current existence of [M.I.M.] has not been established as re-

quired by § 159.001, et. seq. of the Texas Family Code/V.T.C.A." The requisites of the UIFSA petition do include the name and address of the obligor and obligee as well as each child for whose benefit support is sought. *See* TEX. FAM.CODE ANN. § 159.311 (West 2008). After reviewing the record, it is clear the address information for M.I.M. has been redacted in the General Testimony provided to the OAG and attached to the UIFSA petition. The record also reflects Morales signed an affidavit in support of nondisclosure of information in exceptional circumstances claiming Blackmore had been violent with her in the past. In cases involving family violence, the petitioner may withhold information regarding the child's actual physical address and request the court to make a determination regarding disclosure of this information. TEX. FAM.CODE ANN. § 159.312 (West 2008). These procedures were part of the uniform law and adopted by the Texas Legislature. Therefore, the failure to establish the location of M.I.M. in the petition is not in itself justification for denial of jurisdiction.

■ Appropriately, the OAG sought jurisdiction for obtaining child support for M.I.M. under chapter 159, the UIFSA. Blackmore did not allege nor testify that M.I.M. is deceased. At best, the record reflects a fact issue was raised as to the existence of M.I.M. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227–28. We conclude it was improper for the trial court to conclude as a matter of law it did not have subject matter jurisdiction due to the residency or current existence of M.I.M. We sustain the OAG's fourth issue.

*Jurisdiction declined by reason of conduct*

■ In its fifth issue, the OAG contends section 152.208 of the family code does not apply to a case brought under UIFSA. The twelfth findings of fact states, "The unjustifiable conduct of Lilia Noemi Morales requires this court to decline to invoke its jurisdiction over these proceedings pursuant to § 152.208 V.T.C.A. of the Texas Family Code."

A proceeding filed under UIFSA is not a Suit Affecting the Parent–Child Relationship. *See* TEX. FAM.CODE ANN. § 101.032 (West 2008). While the same parties may be involved, there are separate and independent jurisdictional requirements that must be met under the UCCJEA and the UIFSA. *See* TEX. FAM.CODE ANN. §§ 152.201–.210, 159.201–.211 (West 2008); *see also In re v. L.C.*, 225 S.W.3d 221 (Tex.App.-El Paso 2006, no pet.) (citing *In re Brilliant*, 86 S.W.3d 680, 685 (Tex.App.-El Paso 2002, no pet.)). Petitioners may appear before a responding tribunal with jurisdiction limited to the establishment, enforcement, and modification of child support. *Id.* However, the UCCJEA, subchapter C, entitled "Jurisdiction," section 152.208(a), entitled "Jurisdiction Declined by Reason of Conduct," states:

(a) Except as otherwise provided in Section 152.204 or other law of this state, if a court of this state has jurisdiction *under this chapter* because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless:

(1) the parents and all persons acting as parents have acquiesced in the exercise of jurisdiction;

(2) a court of the state otherwise having jurisdiction under Sections 152.201 through 152.203 determines

that this state is a more appropriate forum under Section 152.207; or

(3) no court of any other state would have jurisdiction under the criteria specified in Sections 152.201 through 152.203.

TEX. FAM.CODE ANN. § 152.208 (West 2008) (emphasis added). Had the Texas Legislature intended jurisdiction be declined by reason of conduct under UIFSA, they would have included a similar provision under chapter 159, subchapter C, entitled Jurisdiction. We conclude that section 152.208 applies to UCCJEA cases brought under chapter 152 and not to UIFSA cases brought under chapter 159 and sustain the OAG's fifth issue.

### Conclusion

We reverse the trial court's order granting Blackmore's plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion.