**Opinion issued October 11, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00256-CV

———————————

## IN THE MATTER OF G.A.J., A MINOR

———

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-35353**

———

## MEMORANDUM OPINION

Appellant, the mother of minor G.A.J., appeals from the trial court's final judgment in this action for termination of the parent-child relationship and appointment of a conservator. In a single issue, the mother asks this Court to hold that the trial court's judgment is void for lack of jurisdiction. We affirm.

## Background in this Proceeding

The Department of Family and Protective Services (DFPS) filed this action seeking conservatorship of G.A.J. and termination of the parent-child relationship between G.A.J. and her parents. After holding hearings and issuing temporary and permanency orders, the trial court issued an agreed final decree in which it found that appointing one or both of G.A.J.'s parents as managing conservator would significantly impair G.A.J.'s physical health or emotional development and therefore would not be in G.A.J.'s best interest. The trial court appointed G.A.J.'s maternal grandmother as G.A.J.'s sole managing conservator with possession of G.A.J. The trial court appointed the mother possessory conservator of G.A.J. with restricted rights, including visitation rights as agreed between the mother and the grandmother. This appeal ensued.

## Previous Proceedings

This action is preceded by several prior suits affecting G.A.J.'s parent-child relationships. In 2004, the mother filed a suit affecting G.A.J.'s parent-child relationships in the 247th District Court of Harris County, Texas (Cause No. 2004-32282). In her pleadings, the mother asserted that she and G.A.J.'s father had separated; the mother requested custody of G.A.J. The 247th District Court ultimately dismissed that case for want of prosecution. Three years later, the mother filed another suit affecting the parent-child relationships of G.A.J. (Cause

No. 2007-033322). That suit was originally assigned to the 312th District Court but was transferred to the 247th District Court. The transfer order identifies the 2004 case as the "attraction cause number" for the transfer. After issuing various temporary orders in the 2007 action, the 247th District Court dismissed the case by order of nonsuit.

In 2009, the mother filed a bill of review (Cause No. 2009-72337) with regard to the dismissal of the 2004 case for want of prosecution. The bill of review proceeding was transferred from the 310th District Court to the 247th District Court, where it was ultimately dismissed for want of prosecution. The transfer order identifies the 2004 case as the "attraction cause number."

In 2010, DFPS filed a prior suit affecting G.A.J.'s parent-child relationships, which was transferred to the 247th District Court (Cause No. 2010-00071J). The transfer order identifies the 2004 case as the "attraction cause number." The trial judge for the 247th District Court voluntarily recused herself, and a new judge was appointed to sit for the 247th District Court in the case. Two months after filing that action, DFPS nonsuited it. DFPS then re-filed in the action currently before the Court. This suit was transferred from the 312th District Court to the 309th District Court. The transfer order identified the "attraction cause number" as Cause No. 2001-65694, a 2001 child-support-enforcement action filed by the mother against a

party not involved in this lawsuit, seeking child support for another of the mother's children, not G.A.J.

## Standard of Review

The mother challenges the trial court's subject-matter jurisdiction. Whether a trial court has subject-matter jurisdiction is a question of law, to which we apply a de novo standard of review. *Minton v. Gunn*, 355 S.W.3d 634, 639 (Tex. 2011) (quoting *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010)); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).

## Jurisdiction

In her sole issue on appeal, the mother asserts that, as a result of previous litigation involving the parties, jurisdiction over this action rests exclusively in the 247th District Court of Harris County, Texas, and the trial court below (the 309th District Court of Harris County, Texas) therefore lacked jurisdiction. In support of this contention, the mother relies on the previous 2010 action filed by DFPS and the 2004 and 2007 actions filed by the mother.

Under the Family Code, a trial court may acquire continuing, exclusive jurisdiction over the parties and subject matter of a suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 155.001 (West 2011). A trial court acquires such continuing, exclusive jurisdiction "on the rendition of a final order," with the exception of three types of final orders that the Family Code identifies as

4

not giving rise to continuing, exclusive jurisdiction. *Id.* at § 155.001(a), (b). A "voluntary or involuntary dismissal of a suit affecting the parent-child relationship" is one type of final order that does not give rise to continuing, exclusive jurisdiction under the Family Code. *Id.* at § 155.001(b)(1).

Once a trial court acquires continuing, exclusive jurisdiction over the parties and subject matter of a suit affecting the parent-child relationship, it retains that jurisdiction until an event occurs that terminates the trial court's jurisdiction. *See id.* §§ 155.002, 155.003. During the existence of this continuing, exclusive jurisdiction, "no other court of this state has jurisdiction of a suit with regard to that child except as provided by [Chapters 155 and 262 of the Family Code]." *Id.* § 155.001(c);[1] *see In re G.R.M.*, 45 S.W.3d 764, 766–67 (Tex. App.—Fort Worth 2001, no pet.) ("Once a court has acquired continuing, exclusive jurisdiction with respect to a particular suit affecting the parent-child relationship, no other court has jurisdiction over the suit unless jurisdiction has been transferred pursuant to the exclusive transfer provisions of the family code or an emergency exists.") (citing TEX. FAM. CODE ANN. §§ 155. 001(c), 155.201–.207 (transfer provisions), 262.002 (jurisdiction for emergency proceedings); *In re Garza*, 981 S.W.2d 438, 440 (Tex. App.—San Antonio 1998, no pet.)). Until a final order has been rendered by a

---

[1] Chapter 155 governs rights and duties in the parent-child relationship, and Chapter 262 governs the procedures in a suit by a governmental entity to protect the health and safety of a child.

court of continuing, exclusive jurisdiction, suits affecting the parent-child relationship should be commenced as an original proceeding. TEX. FAM. CODE ANN. § 155.001(d).

Each of the 2004, 2007, and 2010 cases relied on by the mother as establishing the 247th District Court's exclusive jurisdiction resulted in either a dismissal for want of prosecution or a non-suit. Those orders constituted "voluntary or involuntary dismissal[s] of a suit affecting the parent-child relationship" and thus did not give rise to continuing, exclusive jurisdiction under section 155 of the Family Code. *See id.* § 155.001(b)(1); *see also In re M.I.M.*, 370 S.W.3d 94, 98 (Tex. App.—Dallas 2012, pet. filed) (holding that dismissal for want of prosecution was not final order creating continuing, exclusive jurisdiction under section 155.001); *In re Z.G.J.*, No. 04-08-00410-CV, 2008 WL 4500262, at *4 (Tex. App.—San Antonio Oct. 8, 2008, no pet.) (mem. op.) (holding that order of nonsuit was not final order creating continuing, exclusive jurisdiction under section 155.001). We therefore conclude that the mother has not established that the 247th District Court had exclusive, continuing jurisdiction over suits affecting G.A.J.'s parent-child relationships under the Family Code.

The mother relies on the Local Rules of the Harris County Family Trial Division as vesting exclusive jurisdiction in the 247th District Court. *See* Harris Cnty. (Tex.) Dist. Ct. Loc. R. 2.1 (Fam. Div.). Local rule 2.1 provides:

6

> When a suit filed in a Family Trial Division court is in any way terminated (by non-suit or otherwise), a subsequent suit or cause of action involving the same parties or the same subject matter shall be filed in, or transferred to, the court that first had jurisdiction of the parties or subject matter. This rule applies to all controversies, including divorce, support, conservatorship, and all matters incident to them, whether sought by original proceedings or by modification, clarification or enforcement of a former order, judgment or settlement agreement. . . .

*Id.* at R. 2.1. For purposes of this appeal, we will assume that local rule 2.1 required transfer of this action to the 247th District Court rather than the 309th District Court. Nevertheless, such an error in compliance with the local rules does not deprive the 247th District Court of jurisdiction over this action.

When one court transfers a case to another in violation of the local rules, the transferee court does not necessarily obtain jurisdiction over the case.[2] *See Alpert v. Gerstner*, 232 S.W.3d 117, 125 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Specifically, transfer of a case "that *substantively* does not qualify for transfer" under local rules does not vest jurisdiction in the transferee court, but a failure to comply with a "local rule's *procedural* requirement does not deprive a court of its jurisdiction." *Id.* at 122–25 (quoting *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 94 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

---

[2]   Additionally, Section 74.093 of the Government Code prohibits local rules from allowing for the transfer of cases from one court to another court unless the cases are within the transferee court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 74.093(d) (West Supp. 2012).

The mother does not contend that the 309th District Court does not qualify for transfer of this case but for the application of the local rule, and the law generally allows for transfer of cases between district courts, as long as another trial court has not obtained exclusive, continuing jurisdiction over the case. *See generally* TEX. GOV'T CODE ANN. § 24.950 (West 2004) ("The judge of a district court, on motion of a party, on agreement of the parties, or on the judge's own motion, may transfer a cause or proceeding on the judge's docket to the docket of one of the other district courts."); *see also* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); TEX. GOV'T CODE ANN. § 24.007(a) (West Supp. 2012) ("The district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution."); *id.* § 24.601(a) (West 2004) ("A family district court has the jurisdiction and power provided for district courts by the constitution and laws of this state. Its jurisdiction is concurrent with that of other district courts in the county in which it is located."). As discussed above, the mother has not demonstrated that any other court had exclusive, continuing jurisdiction over this case.[3]

---

[3] The transfer of this case to the 309th District Court may have been an error

The mother cites, and we have found, no authority indicating that a trial court with general jurisdiction over a case may be divested of such jurisdiction by a local rule providing for transfer of the case to another court of equal jurisdiction.[4] While the failure to transfer the case to the 247th District Court may have been a mistake under the local rules, it nevertheless did not deprive the trial court of jurisdiction vested in it by statute and the Texas Constitution. *See Polk*, 165 S.W.3d at 94 ("While the transferring and receiving courts should have complied with their own local rules regarding the transfer of cases, their failure to do so did not deprive the 400th District Court of jurisdiction over Polk's case."); *Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied) (rejecting argument that violation of local rule deprived district court of jurisdiction when (1) local rule did not expressly provide that orders entered in violation of rule were void rather than erroneous, (2) local rules relating to transfer of cases were purely procedural because transfer of cases was authorized by statute, and (3) interpretation of local rule as rendering judgment void that is not void under Texas Rules of Civil Procedure or Texas Constitution would result in conflict in which rules and constitution trump local rules); *City of Pasadena, Tex. v. de los Santos*,

---

resulting from the 2001 child support enforcement action relating to another of the mother's children.

4    The mother does not argue that the 312th District Court retained jurisdiction over this action.

9

No. 01-98-00104-CV, 1999 WL 339335 (Tex. App.—Houston [1st Dist.] May 27, 1999, pet. denied) (not designated for publication) (holding that ancillary judge had jurisdiction to enter final judgment in case even though exercise of such jurisdiction violated local rule and was erroneous); *see also* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007(a), 24.601(a).

Because the mother has not established that another court had exclusive jurisdiction over this case or otherwise shown that the 309th District Court lacked jurisdiction over this case, we overrule her sole point of error. *See, e.g.*, *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 229 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.601(a)–(b), 24.607, 24.617, 24.621) (observing that 309th District Court has general jurisdiction over family law actions except where exclusive jurisdiction has been conferred on another court, tribunal, or administrative body).

## Conclusion

We hold that appellant, the mother of G.A.J., has not established that the trial court's judgment is void for lack of jurisdiction. We therefore affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Keyes, Massengale, and Brown.