**Affirmed as Modified, and Opinion Filed July 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00662-CV

### IN THE INTEREST OF M.I.M., A CHILD

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-56047-2009**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Chief Justice Wright

The Office of the Attorney General of Texas (OAG) filed suit on behalf of Lilia Noemi Morales to establish child support for her daughter, M.I.M. under the Uniform Interstate Family Support Act (UIFSA). OAG now appeals the trial court's order granting a motion to dismiss for lack of subject matter jurisdiction filed by respondent, Brent Duaine Blackmore, M.I.M.'s father. In three issues, OAG challenges (1) the relevance of the definition of "state" in proceedings initiated by a Title IV-D Agency to establish child support under UIFSA, (2) the relevance of a parent's conduct in child support proceedings under UIFSA, and (3) the trial court's dismissal with prejudice to refiling. For the reasons that follow, we affirm the trial court's order as modified.

## Background

This is the second appeal in this suit involving jurisdiction of the trial court when OAG filed a petition to establish child support, pursuant to UIFSA, for M.I.M., a resident of

Guatemala. We do not repeat a detailed recitation of the facts, but they may be found in our opinion from the first appeal. *See In re M.I.M.*, 370 S.W.3d 94 (Tex. App.—Dallas 2012, pet. denied).

In the first appeal, Blackmore prevailed below when the trial court granted his plea to the jurisdiction and dismissed the case. *Id*. The focus of Blackmore's initial plea was Morales's conduct. Specifically, Morales took M.I.M. to Guatemala in direct violation of a temporary court order and failed to return. *Id*. The trial court's findings of fact listed Morales's conduct; a prior suit filed in a different district court; and the lack of evidence regarding residency and existence of M.I.M. as reasons for the dismissal of the case. *See* TEX. FAM. CODE ANN. § 154.006 (West 2014) (duty of support terminates on "the death of the child"). OAG appealed the dismissal, and this Court reversed the trial court's order concluding, among other things, that dismissal based on Morales's conduct was improper under UIFSA. *Id*. at 100. Blackmore filed a petition for review in the Texas Supreme Court, which was denied.

On remand, Blackmore filed a second motion to dismiss for lack of jurisdiction. In his second motion, Blackmore's arguments centered around the definition of "state" under UIFSA. Specifically, Blackmore contended that because UIFSA did not authorize the trial court to decide the present dispute, OAG lacked standing. The trial court held a hearing and summarized Blackmore's arguments as referring to section 159.102, s*ee* TEX. FAM. CODE ANN. § 159.102(21) (West 2014), "All of your arguments link back to Guatemala is not a state as defined by this section," to which Blackmore's attorney replied, "Exactly, Your Honor." The trial court granted Blackmore's motion to dismiss without stating the basis for its decision, and the trial court did not issue findings of fact and conclusions of law. This appeal followed.

**Discussion**

Whether a court has subject matter jurisdiction is a question of law we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *M.I.M.*, 370 S.W.3d at 96. When reviewing a statute, "Legislative intent is best revealed in legislative language: 'Where text is clear, text is determinative.'" *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)). Thus, when a statute's language is clear and unambiguous, it is unnecessary to resort to rules of construction or extrinsic aids to construe the language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008).

In his motion to dismiss, Blackmore contended the trial court did not have subject matter jurisdiction to hear this suit because Morales does not meet the requirements of the Texas Family Code to be considered a "petitioner" under UIFSA. *See* TEX. FAM. CODE ANN. § 159.401(a) (West 2014). Blackmore argued that Morales resides in Guatemala and is, therefore, a petitioner residing in another "state" as defined by UIFSA. *Id.* § 159.102(21)(B). Thus, according to Blackmore, Guatemala does not meet the requirements of the definition of "state," and Morales does not qualify as a petitioner under UIFSA. Consequently, the trial court lacks subject matter jurisdiction over this suit. In its response, OAG argued that UIFSA mandates the agency provide services to any petitioner on request by direct application and that an interpretation of UIFSA that limits who can be a petitioner would be unduly restrictive.

Morales completed the Uniform Support Petition, which is a federally provided document, to obtain child support for M.I.M. and requested OAG assistance. This suit was then initiated by OAG, pursuant to section 159.307, which states, "A support enforcement agency of this state, on request, shall provide services to a *petitioner* in a proceeding under this chapter." TEX. FAM. CODE ANN. § 159.307 (West 2014) (emphasis added). However, the family code

specifically provides, "a responding tribunal of this state may issue a support order if: (1) the individual seeking the order resides *in another state*; . . . ." TEX. FAM. CODE ANN. § 159.401(a) (West 2014) (emphases added). Under definitions, the act provides:

> "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States. The term includes:
> * * *
> (B) a foreign country or political subdivision that has:
> (i) been declared to be a foreign reciprocating country or political subdivision under federal law;
> (ii) established a reciprocal arrangement for child support with this state as provided by Section 159.308; or
> (iii) enacted a law or established procedures for issuance and enforcement of support orders that are substantially similar to the procedures under this chapter.

*Id*. at. § 159.102(21)(B).

Our review of the record reveals no evidence of Guatemala (i) being declared a foreign reciprocating country or political subdivision[1], (ii) establishing reciprocal arrangements for child support with Texas as provided by Section 159.308, or (iii) enacting a law or procedures for issuance and enforcement of support orders that are substantially similar to the procedures under the Texas Family Code. Further, OAG does not disagree that Guatemala does not qualify as a "state" under section 159.102(21)(B). *Id*. Consequently, based on the evidence and stipulation of OAG, we conclude Guatemala does not qualify as a "state" as defined by UIFSA. Therefore, the trial court was not authorized to issue a support order pursuant to section 159.401. *Id*. § 159.401.

In reaching this conclusion, we necessarily reject OAG's contention that the country of residence of an applicant for child support services is irrelevant when services are being provided by the Title IV-D Agency through direct application by the foreign resident. Specifically, OAG argues its status as the party initiating this suit negates any requirements related to Morales. The

---

[1] *See* Notice of Declaration of Foreign Countries as Reciprocating Countries for the Enforcement of Family Support (Maintenance) Obligations, 79 Fed. Reg. 49,368–69 (Aug. 8, 2014).

statute is clear that OAG is providing services to Morales by filing this suit. *See id*. § 159.307(a) ("A support enforcement agency of this state, on request, shall provide *services* to a *petitioner* in a proceeding under this chapter.") (emphases added). The plain meaning of these provisions provides Morales is the petitioner who requested services from OAG. *See also In re Lee*, 411 S.W.3d 445, 458 n.18 (Tex. 2013) (finding the OAG was not a "party" to a mediated settlement agreement in a child support suit); *Office of the Att'y Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) ("the OAG has general authority to initiate a suit *on a parent's behalf*") (emphases added).

We recognize the commentary on the uniform law speaking to the definition of "state" is in the context of an existing foreign order and enforcing that existing order. But the plain language of the statute does not negate the language of section 159.401, which only provides that the "state may issue a support order if: (1) the individual seeking the order resides *in another state* . . . ." TEX. FAM. CODE ANN. § 159.401. And we agree that OAG has standing to file a child support action authorized under the Texas Family Code. *See id*. § 102.007. But chapter 159 provides that specific requirements must be met before a suit is filed pursuant to UIFSA, and a court's authority to resolve all issues in controversy between the parties may be restricted because the court lacks the required jurisdiction under chapter 159. *See id*. § 102.012(b)(3). Further, our review of the case law applying UIFSA has not revealed any authority for the proposition that the requirements of section 159.401 do not apply to the establishment of a child support order. Therefore, we overrule the OAG's first issue contending the country of residence of an applicant for child support services is irrelevant when the OAG files a suit under UIFSA through direct application by the foreign resident.[2]

---

[2] Because we have concluded Guatemala does not qualify as a "state" as defined by UIFSA, we do not reach OAG's second issue regarding Morales's conduct. *See* TEX. R. APP. P. 47.1.

In its third issue, OAG contends the trial court erred by dismissing this suit for lack of jurisdiction with prejudice to refiling. "[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam). Because we conclude the trial court did not have subject matter jurisdiction over the claims brought by OAG to establish a child support order under Chapter 159, the trial court properly dismissed this suit. However, in dismissing the claims for lack of subject matter jurisdiction, the trial court did not determine the merits of those claims. Consequently, a dismissal with prejudice was improper, and we sustain OAG's third issue.

In conclusion, we modify the trial court's order of dismissal by deleting "with prejudice" and affirm the order as modified.

140662F.P05

/CarolynWright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.I.M., A CHILD,

No. 05-14-00662-CV

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-56047-2009.
Opinion delivered by Chief Justice Wright. Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, we **MODIFY** the judgment of the trial court by deleting "with prejudice."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered July 22, 2015.