**Opinion issued April 5, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-01021-CV

————————————

## IN RE OUTI SALMINEN, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

This original mandamus proceeding arises from an underlying child support case filed by the relator, Outi Salminen ("Salminen"), a Finnish citizen, under the Uniform International Family Support Act ("UIFSA").[1] *See* TEX. FAM. CODE ANN. §§ 159.001–.902 (West Supp. 2015). Salminen had sought an order for child support

---

[1] The underlying case is *In the Interest of S.F.Z.V., A Child*, Cause No. 2014-38918, in the 308th District Court of Harris County, Texas, the Honorable James Lombardino presiding, who is named as the respondent.

from the real party in interest Milo Vassallo ("Vassallo"), a New York resident. Vassallo unsuccessfully challenged personal jurisdiction under the UIFSA, but he alternatively requested that the trial court take temporary emergency jurisdiction under the Texas Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See* TEX. FAM. CODE ANN. §§ 152.001–.317 (West Supp. 2015).

After a temporary orders hearing held on November 17, 2014, the trial court rendered an oral decision and signed a written temporary order in which it assumed emergency jurisdiction under section 152.204 of the UCCJEA, awarded temporary sole managing conservatorship of the child to Vassallo, and ordered the immediate surrender of the child to Vassallo. In this petition for a writ of mandamus, Salminen seeks to vacate the trial court's November 17, 2014 temporary order. We conditionally grant the petition.

## BACKGROUND

### A.    History in Finland

Salminen, a Finnish citizen, has sole custody over the child, S.F.Z.V., who was born in Finland in 2002. Both mother and child live in Finland, while Vassallo's home state is New York. Salminen's custody is based on two orders from district courts in Helsinki, Finland.

The first Finnish order—entitled "Child custody/visitation rights"—granted visitation rights to Vassallo, among other things, who acknowledged paternity over

S.F.Z.V., and it noted that the child was in the sole custody of Salminen. This order was signed by a Helsinki district judge, the Honorable Hannele Lindholm, on June 3, 2013 (the "2013 Finnish Child Custody Order").

A subsequent Finnish order—entitled "Child custody/visiting rights, enforcement"—modified Vassallo's visitation rights, among other things, and it was signed by another Helsinki district judge, the Honorable Helena Valkama, on January 24, 2014 (the "2014 Finnish Child Custody Order"). These Finnish child custody orders were translated into English and submitted to the Harris County trial court as attachments to Vassallo's "First Amended Motion to Register Foreign Child Custody Determination Pursuant to Section 152.305 of the Texas Family Code."

## B.    Procedural History in the Trial Court

In 2012, Salminen filed a child support petition under the UIFSA in New York. The New York court dismissed the petition for lack of jurisdiction, citing the Finnish child support agreement.

After Salminen was unable to establish personal jurisdiction over Vassallo in New York, she and S.F.Z.V. temporarily moved to South Texas in August 2014. On September 26, 2014, Salminen filed the underlying case, a first amended petition for child support under the UIFSA, in Harris County, and the petition stated that she and S.F.Z.V. both resided in Texas.

3

The petition asserted that S.F.Z.V. was a twelve-year-old girl who had been born in Finland, was a dual citizen of Finland and the United States, and had lived in Finland most of her life. The parents, Salminen and Vassallo, were never married. Salminen alleged that the trial court had personal jurisdiction over Vassallo under the UIFSA because S.F.Z.V. was possibly conceived when the parents were in Texas in 2002. *See* TEX. FAM. CODE ANN. § 159.201(a)(6) (West Supp. 2015).

In response to Salminen's child support petition, Vassallo challenged the trial court's subject matter and personal jurisdiction under the UIFSA through a special appearance and plea to the jurisdiction. Alternatively, Vassallo requested that the trial court exercise temporary emergency jurisdiction over S.F.Z.V. under the UCCJEA. Vassallo claimed that he had been denied visitation rights in Finland under two prior Finnish child custody and visitation orders (the 2013 and 2014 Finnish Child Custody Orders), and he stated that he believed the Finnish court was the court of continuing, exclusive jurisdiction. Vassallo asserted that the trial court was without jurisdiction to modify the 2013 and 2014 Finnish Child Custody Orders and that Salminen's petition did not allege that the Finnish court, which had entered the previous, controlling conservatorship and visitation orders, had lost or relinquished jurisdiction, as the New York family court had held.

Subject to his special appearance, Vassallo entered an original answer with a general denial. Alternatively, Vassallo moved to modify the conservatorship of

S.F.Z.V. and requested that the trial court exercise temporary emergency jurisdiction under UCCJEA section 152.204, which can be exercised when a child is present in the state and has been abandoned or it is necessary to protect the child because the child is subjected to or threatened with mistreatment or abuse. Vassallo contended that Salminen "has a continuous history of absconding with the child the subject of this suit, worldwide forum-shopping, and defying the Finnish court's possession and access orders again and again," and that that behavior "is nothing less than mistreatment and abuse of the child." Vassallo argued that if the trial court determined it lacked general jurisdiction, Salminen would "abscond with the child again to another corner of the world without any notice to [Vassallo]," and he requested that the court exercise temporary emergency jurisdiction to modify the conservatorship orders in the best interest of the child.

The trial court notified the parties on October 31, 2014, to appear in court on November 3, 2014, for a hearing on Vassallo's motion for temporary emergency jurisdiction. Before the hearing, the trial court denied Vassallo's special appearance and plea to the jurisdiction. At the November 3, 2014 hearing, the trial court set a temporary orders hearing for November 17, 2014, stating that it would decide issues of support, visitation, make-up visitation, and a possible geographic restriction at that hearing. The trial court did not mention custody. Off the record, the trial court

5

informed the parties' counsel that it would assume general jurisdiction over the case or, if there was an objection, temporary emergency jurisdiction under the UCCJEA.

On November 17, 2014, before the temporary orders hearing took place, Vassallo filed a "Motion for Temporary Emergency Orders," observing that the court had exercised subject matter jurisdiction over the child on November 3, 2014, and had appointed an amicus attorney to represent the interests of the child. Vassallo noted that Salminen had not responded to his motion to register the 2013 and 2014 Finnish Child Custody Orders, and Vassallo amended this motion on September 30, 2014, by claiming, among other things, that he had been denied a total of four weeks visitation. Thus, Vassallo requested that the court enter orders pursuant to its temporary emergency jurisdiction and issue injunctions against Salminen prohibiting her from removing the child from the United States and providing for "court-ordered possession and access."

Also before the November 17, 2014 hearing was held, Salminen filed a response and motion to dismiss Vassallo's alternative motion to modify the custody order. Salminen's motion informed the court that, as previously pled by both parties, there was a valid Finnish Child Custody Order which precluded the trial court's assumption of general subject matter jurisdiction over the child under the UCCJEA because the child had not resided in Texas for six months, pursuant to Family Code section 152.203(2). More importantly, Salminen asserted that she and S.F.Z.V. had

6

left Texas and returned to Finland on or about November 10, 2014, which also precluded the court's intended assumption of temporary emergency jurisdiction over the child under the UCCJEA at the November 17, 2014 hearing.

At the November 17, 2014 hearing, the trial court did not address child support. Although the trial court acknowledged the 2013 and 2014 Finnish Child Custody Orders that had been filed with the court, it stated that it would "take general jurisdiction" under the UCCJEA. The trial court asked Salminen's counsel where Vassallo lived. She responded that he lived in New York, and his attorney confirmed that Salminen's counsel had served him.

Salminen's attorney noted that her client was willing to appear by phone to testify if the court would permit phone testimony. But Vassallo's counsel objected to the phone testimony request, and the court did not allow Salminen to testify by phone. The trial court did permit testimony from the amicus attorney for the child. The attorney testified that she had recently visited Salminen and the child, who were both living in a rental house in Port Aransas, Texas. The attorney also testified to having visited Vassallo's home in New York for a day and speaking with Vassallo's wife and viewing documents and photos with Vassallo. The following colloquy then occurred between Salminen's counsel and the trial court:

> [Counsel]: Just so I understand, what am I proceeding on?
>
> [The Court]: On the motion under 152.204, because I already assumed general jurisdiction and I am now

7

|  |  |
|---|---|
| | concerned if whether there may be other issues. So I'm also going to do a hearing on 152.204. |
| [Counsel]: | For the record, I'd like to object to that due to the fact that the child is no longer present in the country. |
| [The Court]: | What evidence do you have of that? |
| [Counsel]: | I don't think they have any evidence to the contrary, for that matter. |
| [The Court]: | Well, the amicus has testified—I mean, just told us she visited the child in Texas and the mother filed a pleading for the child in Texas, right? |
| [Counsel]: | All right. But we filed a pleading since then that the child is no longer in Texas. |
| [The Court]: | All right. Any other objections? |
| [Counsel]: | Additionally[,] I don't think there's been any testimony that demonstrates the emergency—an emergency situation exists. |
| [The Court]: | How long has it been since the father saw this child? |
| [Counsel]: | I don't know. |
| [The Court]: | Okay. That's why we're going to hear his evidence. |

Vassallo then presented testimony and other evidence demonstrating that he had had a relationship with S.F.Z.V. since her birth and that he had given her various gifts during his twenty-four visits with her over her twelve-year lifetime. Vassallo acknowledged that there was a prior visitation order from Finland and he also made vague statements about missed visitations in August and October of 2014, but he gave no testimony placing the blame on Salminen. Salminen's counsel wanted to

8

call her client, but the court did not permit Salminen to testify by phone and counsel had no other witnesses. Thus, neither Salminen nor the child testified.

The trial court signed the proposed temporary order submitted by Vassallo ("Temporary Order"). The Temporary Order stated, among other things, that the court:

> "finds that this state has temporary emergency jurisdiction under Tex. Fam. Code 152.204 to make a child custody determination to protect the child. In support thereof, the Court finds that there is an imminent threat of abduction of the child by Outi Salminen. These orders shall remain in place until an order is obtained from a court of the state having jurisdiction under sections 152.201 through 152.203."

The Temporary Order gave Vassallo "immediate physical custody of the child" and stated that "the child shall remain in the physical custody of [Vassallo] until further order of this Court or until further order of the court of continuing jurisdiction." The trial court also appointed Vassallo as the temporary sole managing conservator of S.F.Z.V. The Temporary Order also provided for supervised visitation between Salminen and S.F.Z.V. at Vassallo's discretion. The court also found "that there is credible evidence that there is a potential risk of international child abduction of the child, [S.F.Z.V.] by [Salminen]." Thus, the court ordered that Salminen was prohibited from removing the child from Texas or the United States and that she was to surrender any passports for the child to the amicus attorney.

9

## C.    Procedural History in This Court

Salminen filed this mandamus petition seeking vacatur of the November 17, 2014 Temporary Order.  She claimed that the trial court abused its discretion in entering the Temporary Order because:  (1) the trial court lacked general jurisdiction to issue the November 17, 2014 Temporary Order because both parties pleaded that Finland retained continuing, exclusive jurisdiction over custody issues and the child did not reside in Texas for six months; (2) the trial court could not exercise temporary emergency jurisdiction under Family Code section 152.204 because the child was not in Texas on the date the court took temporary emergency jurisdiction, the child was neither abandoned nor was the child subjected to or threatened with mistreatment or abuse, and there was no evidence of an "imminent threat of abduction of the child by []Salminen"; (3) the trial court failed to follow the requirements for an emergency order because it improperly ignored the existing 2013 and 2014 Finnish Child Custody Orders and failed to fulfill the requirements of Family Code sections 152.204(c) and (d); and (4) the trial court denied due process to Salminen because no pleadings or motions were timely or properly filed requesting a change in custody.

On January 22, 2015, this Court granted Salminen temporary relief, staying the November 17, 2014 Temporary Order pending determination of this petition.

On January 30, 2015, Vassallo filed his response to the petition, arguing that: (1) Salminen has a long history of forum-shopping, absconding with the child, and interfering with or denying Vassallo's visitation, which threatened mistreatment and abuse of the child; (2) the trial court had jurisdiction to exercise temporary emergency jurisdiction over the child under Family Code section 152.204; (3) the trial court properly invoked temporary emergency jurisdiction where there was a finding that there was no credible evidence the child had left Texas; (4) the trial court properly invoked temporary emergency jurisdiction pursuant to Family Code section 152.204(b) because the evidence showed that the child was threatened with mistreatment and abuse; (5) the trial court properly entered an emergency Temporary Order awarding custody of the child to Vassallo until this matter could be heard by the Finnish court; (6) Vassallo's request for the court to exercise emergency jurisdiction under section 152.204(b), the registration of the foreign order, and his motion to enforce court-ordered visitation were sufficient to support the trial court's order awarding temporary emergency possession of the child to Vassallo until the matter could be heard by the foreign court; and (7) the record does not establish that the trial court abused its discretion by not communicating with the Finnish court before it entered the Temporary Order.

Salminen replied that: (1) Vassallo failed to demonstrate that the trial court had jurisdiction to issue the November 17, 2014 Temporary Order because, among

other things, he did not establish that the child was in Texas on the date the court took temporary emergency jurisdiction, he did not show that the child was abandoned or subjected to or threatened with mistreatment or abuse, and there was no evidence of an "Imminent Threat of Abduction of the Child"; and (2) Vassallo failed to demonstrate that the trial court followed the requirements for issuing an emergency order because the trial court ignored the existing Finnish Child Custody Orders and did not fulfill the requirements of Family Code section 152.204(c)—by specifying a time period in the Temporary Order for the parties to seek an order from the court of continuing exclusive jurisdiction—and section 152.204(d)—by immediately communicating with the Finnish court upon being informed that a prior child custody determination has been made by that court.

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, a party must establish that the trial court clearly abused its discretion and that she lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion concerning factual matters if the record establishes that the trial court could reasonably have reached only one decision. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *See id.* A

12

clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *See id.*

Mandamus relief can be appropriate to enforce jurisdictional provisions of the UCCJEA. *See Geary v. Peavy*, 878 S.W.2d 602, 603–04 (Tex. 1994) (orig. proceeding). Subject matter jurisdiction in child custody matters is determined by reference to the UCCJEA, set out in Family Code Chapter 152. *See In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding). Whether a trial court has subject matter jurisdiction is a question of law appellate courts review *de novo. See In re Green*, 352 S.W.3d 772, 774 (Tex. App.—San Antonio 2011, orig. proceeding) (citations omitted).

"[I]n jurisdictional disputes arising from child custody proceedings, the relator need not demonstrate the inadequacy of an appellate remedy." *In re Burk*, 252 S.W.3d 736, 739 n.1 (Tex. App.—Houston [14th Dist.] 2008, mand. denied). Also, "[b]ecause temporary orders are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a [SAPCR]." *In re McDaniel*, 408 S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2011) (orig. proceeding) (citing *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding)). Thus, Salminen need not demonstrate the inadequacy of an appellate remedy because her petition seeks to vacate a temporary order in a SAPCR

13

and mandamus relief is appropriate to resolve a jurisdictional dispute under the UCCJEA.

## JURISDICTION

Texas has adopted two uniform laws that govern foreign and interstate child support and custody. *See In re M.I.M*, 370 S.W.3d 94, 97 (Tex. App.—Dallas 2012, pet. denied). The standards under each act are different and they evaluate jurisdiction independently. *See id.* Each act is based on a completely independent uniform law. *See id.* (citing UIFSA (amended 2008), 9 U.L.A. 159 (2005 & Supp. 2010); and UCCJEA, 9 U.L.A. 649 (1999 & Supp. 2010)). The UIFSA is codified in Family Code chapter 159 and governs child support. *See id.* The UCCJEA is codified in Family Code chapter 152 and governs child custody. *See id.*

A court's jurisdiction to hear a child support issue does not confer jurisdiction upon that court to determine issues of custody or visitation. *See id.* (citing *Flores v. Melo-Palacios*, 921 S.W.2d 399, 404 (Tex. App.—Corpus Christ 1996, writ denied)). The United States Supreme Court has established that the bases of jurisdiction in interstate child support cases are different from the interstate child custody cases. *See id.* (*Comparing Kulko v. Superior Ct.*, 436 U.S. 84, 98 S. Ct. 1690 (1978) (jurisdiction in child support claim is based on minimum contacts of obligor with forum state), *with May v. Anderson*, 345 U.S. 528, 73 S. Ct. 840 (1953) (jurisdiction in child custody claim is based on domicile of child)).

14

**ANALYSIS**

**A.      Jurisdiction Under the UIFSA**

Here, although Salminen filed her original petition for child support pursuant to the UIFSA, the trial court acted pursuant to emergency jurisdiction provided for in the UCCJEA as codified in Family Code section 152.204.  The UIFSA applies when a party seeks to modify a support order issued by another state.  *See In re T.L.*, 316 S.W.3d 78, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing TEX. FAM. CODE ANN. § 156.408(a) (Vernon 1996) and *Link v. Alvarado,* 929 S.W.2d 674, 676 (Tex. App.—San Antonio 1996, writ dism'd w.o.j.)).  The trial court's November 17, 2014 Temporary Order did not modify the child support obligations of the parties, so the UIFSA does not apply here.

**B.      Jurisdiction Under the UCCJEA**

As stated above, the trial court's Temporary Order modified the custody order for S.F.Z.V.  In the Temporary Order, the trial court stated that it acted pursuant to emergency jurisdiction provided for in the UCCJEA, and it specifically referenced Family Code section 152.204.

Subject matter jurisdiction in interstate child custody matters is determined by reference to the UCCJEA, set out in Family Code chapter 152.  *See In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding) (stating that section 152.201 provides "exclusive jurisdictional basis" for Texas courts to make child custody determination).  By adopting the UCCJEA, the legislature sought to avoid the

15

jurisdictional competition and conflict that results when courts in different states determine jurisdiction based on subjective factors. *See In re Burk*, 252 S.W.3d at 739. The UCCJEA was intended to give prominence to objective factors in determining jurisdiction, and it should be construed in such a way as to strengthen, rather than undermine, the certainty that prioritizing home-state jurisdiction was intended to promote. *See id.*

### 1. *Home State Jurisdiction*

The first substantive question in a child custody dispute in which multiple states are involved is whether the Texas trial court has jurisdiction over the case under section 152.201. *See Garza v. Harney*, 726 S.W.2d 198, 201 (Tex. App.—Amarillo 1987, no writ). Family Code section 152.201, governing "Initial Child Custody Jurisdiction" in a suit subject to the UCCJEA, provides that the trial court has jurisdiction to make an initial child custody determination only if one of four circumstances exists. TEX. FAM. CODE ANN. § 152.201 (West Supp. 2015). Applicable here, section 152.201(a)(1) provides:

> [T]his state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state[.]

*Id.* § 152.201(a)(1). For purposes of jurisdiction over initial child custody determinations, a foreign country is treated "as if it were a state of the United States."

*Barajas v. Santiago*, No. 01-10-00914-CV, 2012 WL 760921, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 8, 2012, no pet.) (citing TEX. FAM. CODE ANN. § 152.105(a) (Vernon Supp. 2011)).

Thus, under the UCCJEA, a Texas court may decide child custody matters if Texas is the child's "home state"—that is, the state in which the child has lived with a parent for the past six months—on the date of the commencement of the child custody proceeding. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *see also Bruneio v. Bruneio*, 890 S.W.2d 150, 153 (Tex. App.—Corpus Christi 1994, no writ) (construing predecessor statute to UCCJEA). Texas does not qualify as a child's home state when the child has not lived in Texas for the six-month period immediately preceding the filing of the child custody action in Texas. *See Koester v. Montgomery*, 886 S.W.2d 432, 435 (Tex. App.—Houston [1st Dist.] 1994, no writ) (applying predecessor statute).

Here, although Salminen originally pled that she and S.F.Z.V. resided in Texas at the time she filed her original petition in the trial court, she later filed a motion indicating that they had returned to Finland on November 10, 2014. S.F.Z.V.'s amicus attorney testified at the November 17, 2014 hearing that she had recently visited Salminen and S.F.Z.V. at a rental house in Port Aransas, Texas, but the amicus attorney did not provide any testimony regarding S.F.Z.V.'s permanent residence or the length of her residency in Texas. Vassallo testified regarding the

17

nature of his relationship and visitation with S.F.Z.V., but he, likewise, did not provide any testimony regarding S.F.Z.V.'s permanent residence or the length of her stay in Texas. Thus, the evidence establishes that Texas was not the child's home state at the time the district court issued its child custody orders. Therefore, the trial court could not rely on section 152.201 to establish its jurisdiction to modify child custody under the UCCJEA. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *Koester*, 886 S.W.2d at 435.

### 2. *Temporary Emergency Jurisdiction*

Family Code section 152.204 is an exception to section 152.201(a)(1). It permits a Texas court to obtain temporary emergency jurisdiction over a child in custody matters if "the child is present in [Texas] and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." TEX. FAM. CODE ANN. § 152.204(a) (West Supp. 2015); *see also Graebener v. Graebener*, No. 01-11-00331-CV, 2012 WL 1143590, at *4 (Tex. App.—Houston [1st Dist.] Apr. 5, 2012, no pet.). The exercise of temporary emergency jurisdiction under section 152.204 is reserved for extraordinary circumstances. *See Graebener*, 2012 WL 1143590, at *4–5 (citations omitted) (reversing trial court's judgment exercising temporary emergency jurisdiction under UCCJEA because minor

children were not in Texas at time of judgment but in Puerto Rico, and, thus, trial court lacked jurisdiction to make initial child custody determination).

In a case where section 152.204(a) applies, the district court is empowered to act "'only on a *short term, temporary, emergency basis*'" when the potential for immediate harm exists. *Garza*, 726 S.W.2d at 202–03 (quoting predecessor to Family Code section 152.204(a)) (emphasis in original). The exercise of emergency jurisdiction does not take on the same characteristics as the exercise of jurisdiction under other provisions of the UCCJEA. *See id.* at 203. A Texas trial court does not have jurisdiction to enter a temporary order on emergency grounds for a child who is the subject of a pending custody determination outside of Texas where no evidence indicates that the child needs emergency protection. *See id.*

Even if section 152.204(a) applies, before a Texas court can exercise temporary emergency jurisdiction over a child, it must determine whether there was a previous child custody determination under sections 152.204(b)–(d). *See* TEX. FAM. CODE ANN. § 152.204(a); *Garza*, 726 S.W.2d at 201. Specifically relevant here, section 152.204(c) provides that when there is a previous child custody determination that is entitled to be enforced, "any order under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 152.201 through 152.203." TEX. FAM. CODE ANN. § 152.204(c). Section 152.204(d)

19

further provides for communications between a Texas court making a temporary emergency order under section 152.204 and the court exercising jurisdiction under sections 152.201 through 152.203. *Id.* § 152.204(d).

Here, none of the conditions justifying a Texas district court's temporary emergency jurisdiction over a child under sections 152.204(a)–(d) are met. Regarding the requirements of section 152.204(a), Vassallo, as the party asking the trial court to exercise temporary emergency jurisdiction to modify the child custody order, failed to provide evidence that S.F.Z.V. was present in Texas at the time the trial court rendered the Temporary Order and that she had been abandoned or was subjected to or threatened with mistreatment or abuse. *See* TEX. FAM. CODE ANN. § 152.204(a); *Garza*, 726 S.W.2d at 201. As stated above, Salminen's November 17, 2014 response and motion to dismiss Vassallo's alternative motion to modify the custody order stated that Salminen and S.F.Z.V. had returned to Finland on or around November 10, 2014. Salminen was available to testify by phone, but she provided no evidence at the hearing. Although the amicus attorney testified that she had visited with Salminen and S.F.Z.V. in Texas "recently," neither she nor Vassallo provided any evidence that S.F.Z.V. was residing in Texas at the time of the November 17, 2014 hearing.

Vassallo also failed to present evidence that S.F.Z.V. had been abandoned or that there was an emergency necessitating an order to protect her because she was

subjected to or threatened with mistreatment or abuse. *See* TEX. FAM. CODE ANN. § 152.204(a); *Garza*, 726 S.W.2d at 201. On the contrary, the only evidence presented by Vassallo at the hearing was that he was trying to have a relationship with his daughter and had missed visitations in August and October of 2014. He did not testify that Salminen was to blame for the missed visitations. He likewise did not present any evidence that S.F.Z.V. had been abandoned, mistreated, or abused while in Salminen's custody.

Furthermore, the trial court did not comply with the requirements of subsections 152.204(c) and (d). Vassallo conceded that the Finnish court was the court of continuing, exclusive jurisdiction for child custody purposes, and the trial court recognized the prior 2013 and 2014 Finnish Child Custody Orders on the record at the November 17, 2014 hearing. However, the trial court's Temporary Order did not recognize those prior orders. The order did not specify a period that the trial court considered adequate to allow Vassallo to obtain an order from the Finnish courts, pursuant to section 152.204(c), nor does the record demonstrate that the trial court made any effort to communicate with the Finnish court pursuant to section 152.204(d). *See* TEX. FAM. CODE ANN. § 152.204(c)–(d).

Thus, we hold that the trial court abused its discretion by exercising temporary emergency jurisdiction and issuing the Temporary Order under section 152.204. Further, as noted above, Salminen need not demonstrate the inadequacy of an

appellate remedy here, which entitles her to mandamus relief.  *See Geary*, 878 S.W.2d at 603; *In re Burk*, 252 S.W.3d at 739 n.1 ("[I]n jurisdictional disputes arising from child custody proceedings, the relator need not demonstrate the inadequacy of an appellate remedy.").

## CONCLUSION

We lift the stay imposed by this Court, conditionally grant the mandamus petition, and direct the trial court to vacate its November 17, 2014 Temporary Order. We are confident that the trial court will promptly comply, and our writ will issue only if it does not comply within 30 days of the date of this opinion.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

22