

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00585-CV

In the Interest of **A.A.G.**; J.A.G., III; J.A.G.; S.A.G.; and J.G.; Children

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 19-03-37147-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

M.E. appeals a final order terminating her parental rights to her five children.[1] On appeal, M.E. argues the order terminating her parental rights must be reversed because the 365th Judicial District Court, Maverick County, Texas, ("the trial court"), lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and the trial court's lack of jurisdiction deprived her of procedural due process. We overrule both issues and affirm the termination order.

---

[1]The trial court also terminated the parental rights of the children's father, but the father's case was severed and ordered to proceed under a different case number.

**BACKGROUND**

The Texas Department of Family and Protective Services initially became involved with the children the subject of this suit in July 2018, when it received a referral about physical abuse, poor living conditions, and drug use by M.E. and her boyfriend. The Department responded to the referral by investigating and providing the children and M.E. with relevant services. Nevertheless, about eight months later, the Department continued to have concerns about the children's safety. On March 25, 2019, the Department filed a petition seeking the children's removal from M.E.'s home and termination of M.E.'s parental rights. That same day, the trial court rendered emergency temporary orders removing the children from M.E.'s home and appointing the Department their temporary managing conservator. On April 4, 2019, M.E. and the Department reached an agreement on temporary orders, which the trial court signed. The temporary orders retained the Department as the children's temporary managing conservator and appointed M.E. the children's temporary possessory conservator.

Approximately fourteen months later, on June 12, 2020, the Department filed a motion regarding the trial court's jurisdiction under the UCCJEA. In the motion, the Department alleged that four of the five children in this case were subject to the exclusive continuing jurisdiction of an out-of-state court. Specifically, the motion stated:

> The State of Texas has jurisdiction to render temporary orders for the protection of the child[ren] the subject of this suit pursuant to Subchapter C, Chapter 152, Texas Family Code. The home state of the children was Minnesota prior to the commencement of this proceeding. A child custody determination with respect to [A.A.G., J.A.G., J.A.G., and S.A.G.] was made by the [Third] Judicial District Court of Wabasha County, Minnesota. The children were brought to Texas following the rendering of the Final Decree of Divorce and before the commencement of this action.

The motion asked the trial court to find that Texas was the children's home state and that it had jurisdiction under Subchapter C, Chapter 152, to render final orders for the custody of the children.

On June 15, 2020, M.E. filed a response to the Department's UCCJEA motion, acknowledging that four of the five children were subject to the exclusive continuing jurisdiction of the Third Judicial District Court, Wabasha County, Minnesota. The response stated that on October 19, 2015, the Minnesota court rendered a judgment dissolving the marriage between M.E. and the children's father and appointing M.E. the children's sole managing conservator.

On June 15, 2020, the trial court held a hearing on the Department's UCCJEA motion. At the hearing, the Department's lawyer explained that the UCCJEA issue came to his attention when he noticed an email on the matter in the case file. The Department's lawyer then asked the trial court to reset the trial date and confer with the Minnesota court about whether it would retain or decline jurisdiction in the case. The Department's lawyer also asked the trial court to make findings that M.E., the children's father, and the children no longer resided in Minnesota. After the Department's lawyer presented arguments on the UCCJEA motion, the trial court sought and obtained confirmation from counsel that the Minnesota court order was a final order and that nothing remained pending in the Minnesota court. The trial court then made oral findings on the record that it had temporary emergency jurisdiction to issue its temporary orders under section 152.204(a) of the Texas Family Code, but that the Minnesota court had exclusive continuing jurisdiction over the children. The trial court abated the case in order to confer with the Minnesota court.

Later that day, the trial court conferred with the Minnesota court. The Minnesota court issued findings that the children and their parents, or the children and at least one parent, did not reside or have any significant connection with Minnesota; that substantial evidence concerning the children's care, protection, training, and personal relationships was no longer available in Minnesota; and that the Minnesota court was an inconvenient forum under the circumstances, and that the 365th Judicial District Court of Maverick County, Texas, was a more appropriate forum.

The Minnesota court signed an order declining to exercise jurisdiction over the children and relinquished the exercise of jurisdiction over the children to the 365th Judicial District Court of Maverick County, Texas.

Thereafter, on August 13, 18, and 28, 2020, the trial court held a bench trial. After the trial, the trial court signed a final order terminating M.E.'s parental rights to the children. In its termination order, the trial court found that termination of the parent-child relationship was in the children's best interest, and that M.E.: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical and emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children's physical or emotional well-being; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for M.E. to obtain the return of the children, who had been in the temporary managing conservatorship of the Department for not less than nine months after being removed from M.E. for abuse or neglect under Chapter 262 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1),(D),(E),(O), (b)(2). M.E. appealed.

## APPLICABLE LAW

"Subject matter jurisdiction is essential to a court's authority to decide a case." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). A court cannot render a binding judgment concerning matters over which it has no subject matter jurisdiction. *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016). Therefore, a judgment rendered by a court without subject matter jurisdiction is void. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309-10 (Tex. 2010). "Subject matter jurisdiction in interstate child custody matters is determined by reference to the UCCJEA, set out in Family Code chapter 152." *In re Salminen*, 492 S.W.3d 31, 39 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Whether or not a court has subject matter jurisdiction is a

question of law, which we review de novo. *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020).

Both Texas and Minnesota have adopted the UCCJEA in substantially similar form. *See* TEX. FAM. CODE §§ 152.001-.317; MINN. STAT. §§ 518D.101-.317 Under the UCCJEA, the trial court that makes the "initial child custody determination" generally retains exclusive continuing jurisdiction over any future custody disputes. *Saavedra v. Schmidt*, 96 S.W.3d 533, 541 (Tex. App.—Austin 2002, no pet.). "[T]he UCCJEA specifically grants exclusive continuing jurisdiction over child-custody disputes to the state that made the initial custody determination and provides specific rules on how long this jurisdiction continues." *In re Forlenza*, 140 S.W.3d 373, 375 (Tex. 2004) (orig. proceeding). The UCCJEA gives the court making the initial custody determination "the sole power to decide whether it will *continue* to exercise that jurisdiction." *In re J.P.*, 598 S.W.3d 789, 796 (Tex. App.—Fort Worth 2020, pet. denied). Initial custody determination means the first child custody determination regarding a particular child. TEX. FAM. CODE ANN. § 152.102(8). A child custody determination includes a proceeding for termination of parental rights. *Id*. § 152.102(4).

Under the UCCJEA, even in the absence of exclusive continuing jurisdiction, a Texas court can exercise "temporary emergency jurisdiction" if the children are "present in this state" and it "is necessary in an emergency to protect the child[ren]" because they are "subjected to or threatened with mistreatment or abuse." *Id*. § 152.204(a). However, when another state has made a prior custody determination, a Texas court must take certain steps, including communicating with the court of the other state, before it can exercise non-emergency jurisdiction. *See id*. § 152.204(c-d). Specifically, section 152.204(d) provides: "A court of this state which has been asked to make a child custody determination under this section, upon being informed that . . . a child custody determination has been made by a court of a state having jurisdiction under Sections

152.201 through 152.203, shall immediately communicate with the other court." *Id*. § 152.204(d). Section 152.201 addresses initial child custody jurisdiction. *Id*. § 152.201. Section 152.202 addresses exclusive continuing jurisdiction. *Id*. § 152.202. Section 152.203 addresses modification jurisdiction. *Id*. § 152.203. Minnesota has adopted substantially similar provisions governing initial child custody jurisdiction, exclusive continuing jurisdiction, modification jurisdiction, and emergency jurisdiction. *See* MINN. STAT. §§ 518D.201-.204.

Of particular importance here is Minnesota's section 518D.202(a)(1), which provides that a Minnesota court "which has made a child custody determination consistent with section 518D.201 or 518D.203 has exclusive, continuing jurisdiction over the determination until" it "determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships." *Id*. § 518D.202(a)(1). Also important is Minnesota's section 518D.207(a), which provides that a Minnesota court "which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." *Id*. § 518D.207(a).

## DISCUSSION

No one disputes that the Minnesota court, which granted M.E. and the children's father a divorce in 2015, was the court of exclusive continuing jurisdiction as to four of the five children in this case. Nor does anyone dispute that the Texas trial court had temporary emergency jurisdiction to render temporary orders in this case in 2018. The only controversy before us is whether the Texas trial court acquired subject matter jurisdiction to render a final order terminating M.E.'s parental rights.

In her first issue, M.E. argues the trial court lacked subject matter jurisdiction to render a final order terminating her parental rights because it failed to confer with the Minnesota court that had exclusive continuing jurisdiction over the four children. Nevertheless, the record before us shows that the trial court did in fact confer with the Minnesota court, and that the Minnesota court declined jurisdiction.[2] The reporter's record includes the transcript of the trial court and the Minnesota court conferring on June 25, 2020. The clerk's record also contains a certified copy of an order signed by the Minnesota court on June 25, 2020, which states: "[T]he Third Judicial District Court of Wabasha County, Minnesota, does hereby decline to exercise jurisdiction over the children the subject of this suit, and does hereby relinquish the exercise of jurisdiction over said children to the 365th Judicial District Court of Maverick County, Texas." Because the record establishes that the trial court conferred with the Minnesota court, and that the Minnesota court relinquished its exclusive continuing jurisdiction, the trial court properly assumed jurisdiction over the children and had subject matter jurisdiction to render its final order terminating M.E.'s parental rights. *See J.W. v. Texas Dep't of Family & Protective Servs.*, No. 03-19-00260-CV, 2019 WL 3922795, at \*3 (Tex. App.—Austin Aug. 20, 2019, pet. denied) (holding the Texas court had subject matter jurisdiction to render a final judgment terminating parental rights after it conferred with the Nevada court of exclusive continuing jurisdiction, and the Nevada court determined that Texas was the more convenient forum and deferred jurisdiction to Texas). Accordingly, we overrule M.E.'s first issue.

In her second issue, M.E. argues she was denied procedural due process because the trial court "claim[ed] jurisdiction in error." M.E. emphasizes that "[d]ue process requires a full hearing before a court having jurisdiction." M.E.'s second issue is premised on the same argument she

---

[2]We recognize the record was supplemented with the pertinent material after M.E. filed her brief.

made in her first issue—that the trial court lacked subject matter jurisdiction. We have already determined that the trial court had subject matter jurisdiction to render its final order terminating M.E.'s parental rights. Accordingly, we overrule M.E.'s second issue.

## CONCLUSION

The trial court's order terminating M.E.'s parental rights is affirmed.

Irene Rios, Justice