# NO. 12-22-00228-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SHANDI TULLOS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Shandi Ray Tullos (Mother) filed this original proceeding contending that Respondent abused his discretion by modifying temporary custody of her minor child, S.R.T., by removing the requirement that Real Party in Interest Martin Shoel Brashear's (Father) periods of possession of S.R.T. be supervised until he could produce a negative drug test.[1] We conditionally grant the writ.

## BACKGROUND

Mother and Father married in January 2017 and are the parents of a minor child, ten-year old S.R.T. Mother filed for divorce on July 28, 2021. On January 18, 2022, Respondent entered temporary orders appointing both Father and Mother as joint managing conservators of the child and giving Mother the right to designate S.R.T.'s primary residence. In accordance with an agreement between Father and Mother, the temporary orders also required Father's mother to supervise Father's periods of possession of S.R.T. until Father could produce a negative "10-panel nail or body hair drug screen."

On March 23, Mother filed a motion for Respondent to confer with S.R.T. "as a precursor to requesting a modification of the temporary orders." On April 29, Father filed a motion to

---

[1] Respondent is the Honorable John E. Wells, III, Judge of the 411th District Court in Trinity County, Texas.

enforce, alleging that Mother violated the temporary orders by denying him visitation with S.R.T. on February 4 and 18, March 4 and 11, and April 1 and 15.

Respondent held a hearing on the motions on June 28 via Zoom.[2]  At the hearing, Father testified that he used methamphetamine throughout his marriage to Mother, Mother never took issue with his drug use during the marriage, and in fact, Mother sometimes procured methamphetamine for him.  Father also testified that prior to filing for divorce, Mother had no issue allowing Father to interact and care for S.R.T. unsupervised.  Father testified that Mother's father also uses methamphetamine and Mother allows her father to care for S.R.T. regularly without supervision.  Father acknowledged that he recently used methamphetamine around two weeks prior, the same time frame as his last visit with S.R.T. and could not pass a drug test if it were performed that day.

 Mother admitted, during her testimony, that prior to filing for divorce she had knowledge of Father's drug use and allowed Father to care for S.R.T. unsupervised.  Mother disputed that her father uses drugs, but when asked if her father would submit to drug testing, Mother replied that she did not think it was "relevant."  Mother testified that she did not comply with the standard possession order because S.R.T. did not want to see Father and  she wants to protect S.RT. from his behavior.

Father testified that Mother is attempting to alienate him from S.R.T.  He further testified that he has standard visitation with his child from another relationship and co-parents peacefully with his other child's mother.

After hearing testimony from both Father and Mother, and argument of counsel, Respondent denied Mother's motion to confer with the child.   Respondent removed the requirement that Father's mother supervise Father's periods of possession of S.R.T. and the requirement that Father produce a negative drug screen and granted Father's request for extended summer visitation.

Mother filed this mandamus petition on August 24, 2022.  Emergency relief was not requested.  Father did not file a response.

---

[2] Zoom is an online videoconferencing format utilized by some courts for remote proceedings.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. ***In re Sw. Bell Tel. Co., L.P.***, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. ***In re Cerberus Capital Mgmt., L.P.***, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. ***In re Fitzgerald***, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." ***In re Tex. Dep't of Family & Protective Servs.***, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

Mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders affecting child custody proceedings because temporary orders are not subject to interlocutory appeal. *See **In re Derzapf***, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding); *see also **In re Salminen***, 492 S.W.3d 31, 38 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); TEX. FAM. CODE ANN. § 105.001(e) (West 2019).

## TEMPORARY ORDERS

Because mandamus is an appropriate remedy to challenge temporary orders, we now consider whether the trial court committed a clear abuse of discretion by removing the requirement that Father's periods of possession of S.R.T. be supervised and the requirement that Father produce a negative drug test. ***Cerberus Capital Mgmt., L.P.***, 164 S.W.3d at 382; *see also **Derzapf***, 219 S.W.3d at 335. In determining whether to grant mandamus relief, we defer to the trial court's factual determinations when supported by the record. *See **Walker v. Packer***, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Nonetheless, a trial court abuses its discretion when it fails to correctly analyze or apply the law. ***Id.*** at 840.

In a suit affecting the parent-child relationship, a trial court may make a temporary order for the child's safety and welfare, including an order (1) for the temporary conservatorship of the child, (2) for the temporary support of the child, (3) to restrain a party from disturbing the peace of the child or another party, (4) to prohibit a person from removing the child beyond a geographical area identified by the court, or (5) for payment of reasonable attorney's fees and expenses. TEX. FAM. CODE ANN. § 105.001(a). The rebuttable presumptions established in favor of the application of the guidelines for standard possession under Chapter 153 of the Family

3

Code apply to temporary orders. *Id.* § 105.001(g). Chapter 153 sets forth the public policy of Texas as (1) assuring that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child; (2) providing a safe, stable, and non-violent environment for the child; and (3) encouraging parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. *Id.* § 153.001(a) (West 2014). It is a rebuttable presumption that standard possession (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and (2) is in the best interest of the child. *Id.* § 153.252 (West 2014).

Mother argues that Respondent committed a clear abuse of discretion in removing the supervision requirement and drug testing requirement. We agree. While the evidence at the hearing unequivocally shows that Mother did not take issue with Father's methamphetamine use while supervising S.R.T. prior to filing for divorce, ultimately, the best interest of the child is the primary consideration in determining the conservatorship of a child. *Id.* § 153.002 (West 2014).

As Mother points out in her petition, Texas law recognizes that drug use, in particular methamphetamine use, by parents or caregivers presents a clear and present danger to the child. *See* TEX. HUM. RES. CODE ANN. § 40.071 (West 2019) ("The department shall establish a drug-endangered child initiative aimed at protecting children who are exposed to heroin, cocaine or any of its forms, or methamphetamine or to chemicals and other hazardous materials used in the illicit manufacture of methamphetamine."). Moreover, the Texas Penal Code sets forth a presumption that a person has engaged in conduct that places a child younger than fifteen years old in imminent danger of death, bodily injury, or physical or mental impairment if the person "manufactured, possessed, or in any way introduced into the body of any person the controlled substance methamphetamine in the presence of a child." TEX. PENAL CODE ANN. § 22.041 (West Supp. 2021). And one of the factors the trial court must consider when determining the best interests of the child is "whether there is a history of substance abuse by the child's family or others who have access to the child's home." TEX. FAM. CODE ANN. § 263.307 (a), (b)(8) (West 2019).

Given the uncontroverted evidence that Father is a current methamphetamine user and his own admission that he last used methamphetamine during the time frame of his last visit with S.R.T., we conclude that Respondent committed a clear abuse of discretion by removing the

4

requirement that Father's possession of S.R.T. be supervised by Father's mother and by removing the requirement that Father pass a drug test because, as discussed above, Father's methamphetamine use places S.R.T. in danger and is, therefore, not in the best interests of S.RT.

## CONCLUSION

Having concluded that Respondent abused his discretion, we ***conditionally grant*** mandamus relief. We direct Respondent to vacate his order removing the requirements that Father's possession of S.R.T. be supervised by Father's mother and that Father pass a drug test and enter an order reinstating these requirements. We trust Respondent will promptly comply with this opinion and order. The writ will issue only if Respondent fails to do so ***within ten days of the date of the opinion and order***. Respondent shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of its order evidencing such compliance.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**SEPTEMBER 30, 2022**

**NO. 12-22-00228-CV**


**SHANDI TULLOS,**
Relator
V.

**HON. JOHN E. WELLS, III,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Shandi Tullos; who is the relator in appellate cause number 12-22-00228-CV and a party to trial court cause number 23755, pending on the docket of the 411th Judicial District Court of Trinity County, Texas. Said petition for writ of mandamus having been filed herein on August 24, 2022, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order removing the requirements that Father's possession of S.R.T. be supervised by Father's mother and that Father pass a drug test and enter an order reinstating these requirements, the writ will not issue unless the **HONORABLE JOHN E. WELLS, III**,

6

Judge of the 411th Judicial District Court, fails to comply with this Court's order **within ten (10) days** from the date of this order.

It is further ORDEED that the Real Party in Interest, **MARTIN SHOEL BRASHEAR,** pay all costs incurred by reason of this proceeding.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*