ACCEPTED
15-25-00002-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/3/2025 4:01 PM
CHRISTOPHER A. PRINE
CLERK

No. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/3/2025 4:01:27 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

*In re* **Synergy Global Outsourcing, LLC,**

*Relator.*

Original proceeding arising from the
First Business Court Division, Dallas County No. 24-BC01B-0007
*Hon. Bill Whitehill, Presiding*

**Petition for Writ of Mandamus**

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com

**Lynn Pinker Hurst &
Schwegmann, LLP**
2100 Ross Avenue
Suite 2700
Dallas, TX 75201

*Attorneys for Relator*

## Identity of Parties and Counsel

| | |
|---|---|
| Relator: | Synergy Global Outsourcing, LLC ("Relator") |
| | |
| Counsel for Relator: | David S. Coale<br>Michael K. Hurst<br>Gregory A. Brassfield<br>Daniela Vera Holmes<br>Leo Park<br>**Lynn Pinker Hurst & Schwegmann, LLP**<br>2100 Ross Avenue<br>Suite 2700<br>Dallas, TX 75201 |
| | |
| Real Parties in Interest: | Hinduja Global Solutions, Inc. and HGS Healthcare, LLC ("Defendants"). |
| | |
| Counsel for Real Parties in Interest: | Barry Barnett<br>**Susman Godfrey L.L.P.**<br>5956 Sherry Lane, Suite 2000<br>Dallas, Texas 75225<br><br>Ophelia Camiña<br>**Susman Godfrey L.L.P.**<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br><br>Ravi Bhalla<br>**Susman Godfrey L.L.P.**<br>One Manhattan West, 50th Floor<br>New York, NY 10001 |
| | |
| Respondent: | Hon. Bill Whitehill<br>First Business Court Division,<br>Dallas County |

# Table of Contents

Identity of Parties and Counsel .................................................. 2

Table of Contents ...................................................................3

Index of Authorities .................................................................. 4

Statement of the Case ..............................................................7

Jurisdictional Statement............................................................ 8

Issues Presented ...................................................................... 9

Statement of Facts ..................................................................10

Summary of Argument.............................................................. 11

Argument................................................................................12

    I.    The business court clearly abused its discretion by
remanding this case to the 191st District Court. .....................12

        A.    The plain terms of Section 8, read consistently
with several other statutes, do not prohibit
removal of cases filed before September 1, 2024. .........14

        B.    H.B. 19, a procedural statute, includes cases
filed before September 1, 2024.................................. 22

    II.    Relator has no adequate remedy by conventional appeal. ...... 24

    III.    This petition is timely presented. ..........................................25

Conclusion...............................................................................25

Certificate of Service................................................................27

Certification............................................................................ 28

Certificate of Compliance ........................................................ 28

# Index of Authorities

## Cases

*Acker v. Texas Water Comm'n*, 790 S.W.2d 299 (Tex. 1990)...................... 20

*Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex. 1981) ................. 15

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009) ...... 15, 22

*ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895 (Tex. 2017) .............. 15

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864 (Tex. 1999) ................................................................................... 15

*Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830 (Tex. 2018)...................................................................................... 22

*Hogan v. S. Methodist Univ.*, 688 S.W.3d 852 (Tex. 2024)......................... 23

*In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex. 2004) (orig. proceeding)........... 24

*In re Lee*, 411 S.W.3d 445 (Tex. 2013)...................................................... 20

*In re Volkswagen of Am.*, 545 S.W.3d 304 (5th Cir. 2008) ......................... 24

*In re: Prudential Ins. Co.*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding)................................................................... 12, 24, 25

*Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014) ....................... 15

*McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125 (Tex. Comm'n App. 1942, opinion adopted)......................................................... 20

*Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126 (Tex. 2010)....................................................................................... 23

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex. 2002)................................................................................... 23

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding)............... 12

**Rules**

Tex. R. App. P. 9.................................................................................. 28

**Statutes**

Tex. Civ. Prac. & Rem. Code § 150.002....................................................17

Tex. Civ. Prac. & Rem. Code § 38.001......................................................16

Tex. Civ. Prac. & Rem. Code 82.002 ........................................................15

Tex. Fam. Code § 102.003 ........................................................................17

Tex. Gov't Code § 22.2151(d)(1)(I) ........................................................... 8

Tex. Gov't Code § 22.221(c-1) ................................................................... 8

Tex. Gov't Code § 25A.004(b) ............................................................ 10, 12

Tex. Gov't Code § 25A.004(e) ............................................................ 10, 12

Tex. Gov't Code § 25A.006........................................................................19

Tex. Gov't Code § 25a.006(d)....................................................................19

Tex. Gov't Code § 25A.007........................................................................ 8

Tex. Prob. Code § 5B.................................................................................17

**Other Authorities**

1999 Tex. Sess. Law Serv. Ch. 1390 (H.B. 1622, § 51(c)) ...........................17

2003 Tex. Gen. Laws 847 ..........................................................................17

2009 Texas Senate Bill No. 1201, § 3, Texas Eighty-First
    Legislature .........................................................................................17

2019 Tex. Sess. Law Serv. Ch. 378 (H.B. 2730, § 11) .................................16

77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398
    (H.B. 2249).........................................................................................21

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d) .......................... 17

House Research Organization, *Bill Analysis HB 19 (2nd reading)*,
    May 1, 2023 ............................................................. 13, 23

Section 8 of H.B. 19 ............................................... 11, 13, 14, 18

Tex. Sess. Law Serv. Ch. 665, (H.B. 1578, § 2) ......................................... 16

Texas Business Law Foundation, Enactment of HB 19 by the
    2023 Texas Legislature: Specialized Texas Business Court....... 13, 23

## Statement of the Case

Nature of
the Case:

This case is a commercial dispute about commissions owed under various broker agreements.

Trial Court:

Hon. Bill Whitehill
First Business Court Division,
Dallas County

Course of
Proceedings and
Trial Court
Disposition:

Relator removed this case from the 191st Judicial District Court of Dallas County to the First Business Court Division for Dallas County. R38.

Defendants moved to remand and the business court granted its motion. R165 (App. "A" hereto).

Relator appealed. *Synergy Global Outsourcing, LLC v Hinduja Global Solutions Inc., and HGS Healthcare, LLC.*, No. 15-24-00127-CV (filed in the 15th Court of Appeals on Nov. 12, 2024). Hinduja and HGS then moved to dismiss Relator's appeal for lack of jurisdiction.

Along with the filing of this mandamus petition, Relator is responding to that motion in the direct appeal.

## Jurisdictional Statement

This Court has jurisdiction to issue a writ of mandamus to the First Business Court Division, Dallas County, pursuant to Tex. Gov't Code §§ 22.2151(d)(1)(I), 22.221(c-1) , and 25A.007.

## Issues Presented

1.      Whether the business court clearly abused its jurisdiction by remanding this action to the 191st District Court.

2.      Whether Relator has an adequate remedy by conventional appeal.

## Statement of Facts

This case is a commercial dispute between Synergy Global Outsourcing, Inc. ("Plaintiff" or "Synergy"), on the one hand, and HGSI and HGSH ("Defendants"), on the other. Synergy seeks payment of commissions under various broker agreements. Synergy contends that it introduced valuable clients to Defendants under those broker agreements, helped maintain those relationships, and was in turn paid broker commissions for those services uninterrupted for nearly two decades.  When Defendants unilaterally ceased paying Synergy those broker commissions in 2019, Synergy sued to recover what it is owed.

After the Business Court opened on September 1, 2024, within thirty days, Plaintiff removed the pending action to the business court. Synergy's notice of removal established the business court's jurisdiction over this action pursuant to Texas Government Code Sections 25A.004(b) and 25A.004(e). The business court remanded, Plaintiff appealed, and Defendants moved to dismiss. Plaintiff now files this mandamus petition along with its response to that motion to dismiss.

## Summary of Argument

The business court clearly abused its discretion by remanding this case to the 191st District Court. The plain terms of Section 8 of H.B. 19, read consistently with several other statutes, do not prohibit removal of cases filed before September 1, 2024.

Review of the text shows that Section 8 simply affirms that business courts will be open and accepting cases on September 1, 2024, without any age limit for cases that the new court will accept. The business court's interpretation improperly inserts the word "only" into the statute, contrary to basic principles of statutory construction in Texas.

The specific language of the removal provision in Tex. Gov't Code Chapter 25A further supports Relator's interpretation. It says that a party to an "action filed in a district court," within the jurisdiction of the business court, may remove the action to business court. This case was an action filed in a district court as of September 1, 2024. The parties gained the right to remove on that day.

Furthermore, H.B. 19 is a procedural statute, and procedural statutes are generally presumed to apply to ongoing matters as of their effective date. The business court clearly erred in concluding that Section 8 required remand of this case to the 191st District Court, and Relator has no adequate remedy by conventional appeal from that ruling.

**Argument**

To obtain mandamus relief, Relator must show a clear abuse of discretion and the lack of an adequate remedy by appeal.[1] The business court clearly abused its discretion by erroneously remanding this case to the 191st District Court. Relator has no remedy for that error by post-trial appeal because the error involves the proper forum for trial. Therefore, this Court should issue a writ of mandamus that compels the business court to accept the removal of this case.

**I.     The business court clearly abused its discretion by remanding this case to the 191st District Court.**

Because a trial court has no discretion to apply the law incorrectly, a material error of law is a clear abuse of discretion that can justify mandamus relief.[2] Here, the business court made a material error of law about the scope of business court jurisdiction.

Relator identified two grounds for business court jurisdiction in their removal notice.[3] Defendants did not dispute either of those grounds in their briefing, and the business court did not address them in its remand order.[4] That's not surprising, because this action presents precisely the sort of concerns that the 88th Legislature intended the business courts to resolve:

---

[1] *In re: Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

[2] *See, e.g.*, *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).

[3] *See* RR38 (invoking Tex. Gov't Code §§ 25A.004(b) and (e)).

[4] R165 *et seq.*

district court backlog.[5] This complex business dispute has languished in the district court for *nearly 5 years*, with no prospect of reaching trial anytime soon.[6] The 88th Legislature expected that "[a] business court could help to remove complex or lengthy business cases from existing court dockets, which could facilitate quicker resolutions for all cases."[7]

Instead, Defendants argued that business-court jurisdiction excludes cases filed before September 1, 2024. Defendants cited Section 8 of H.B. 19, the law creating the business courts, which says: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."

For three reasons, the business court erred by accepting Defendants' argument about the statute.

> **1.** **Text.** Section 8 simply affirms that business courts will be open and accepting cases on September 1, 2024. It does not set any

---

[5] *See* Texas Business Law Foundation, Enactment of HB 19 by the 2023 Texas Legislature: Specialized Texas Business Court at 3 (available at https://tinyurl.com/2y7kze4b) (stating that business courts were created to "improve the efficiency, consistency and predictability of business litigation by allowing judges having the required experience and career interest, working in a statewide jurisdiction, to focus on complex business litigation exclusively," and continuing: "These cases will no longer compete with, and when they are heard, delay, the variety of civil and criminal matters that currently crowd the dockets of state district courts, many of which are given statutory priority over business cases ... .") (hereinafter "Foundation").

[6] *See* RR46 *et seq.*

[7] House Research Organization, *Bill Analysis HB 19 (2nd reading)*, May 1, 2023 at 9 (available at https://hro.house.texas.gov/pdf/ba88R/HB0019.PDF) (last visited Dec. 19, 2024) (hereinafter "House Research").

age limit for the cases that the new court will accept as of that date.

2.   ***Similar statutes.*** In similar statutes, when the Legislature has excluded cases from a statute's scope because of age, it has specifically defined that exclusion. No such language appears in Section 8. The lack of any such language confirms that the Legislature did not intend to create an exception to business-court jurisdiction based on the filing date of a case.

3.   ***Procedure.*** H.B. 19 (including § 8) is a procedural statute rather than a substantive one. As a procedural statute, it is generally presumed to apply to ongoing matters as of its effective date.

As a matter of law, the business court erred in concluding that Section 8 required remand of this case to the 191st District Court.

**A.    The plain terms of Section 8, read consistently with several other statutes, do not prohibit removal of cases filed before September 1, 2024.**

H.B. 19 Section 8 says: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." There's a good reason for that statement. The business-court system started "from scratch." Logistical arrangements had to be made for an entire state's worth of trial-level business courts. This Court had to be created to hear appeals from them. In that environment of uncertainty, Section 8 makes

14

clear that no matter what, the business courts will be open to accept cases as of September 1, 2024.

Defendants' argument for remand improperly asked the business court to insert the word "only" into that statute, *i.e.*: "The changes in law made by this Act apply ***only*** to civil actions commenced on or after September 1, 2024." That argument is not supported by basic principles for statutory construction in Texas.

Texas courts enforce statutes as written, do not rewrite the text chosen by the Legislature;[8] and courts limit their analysis to the plain meaning of the words chosen unless that meaning leads to a nonsensical result.[9] Because every word of a statute is presumed to have a purpose, "every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can [courts] insert additional words or requirements into a statutory provision."[10]

---

[8] *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014).

[9] *See id.; see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866–67 (Tex. 1999) (reading Tex. Civ. Prac. & Rem. Code 82.002 to provide manufacturer indemnity to any "seller," not just sellers in manufacturer's chain of distribution); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437–38 (Tex. 2009) (concluding that premises owners could meet definition of "general contractors" entitled to the benefit of the exclusive remedy defense under the Texas Workers' Compensation Act); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900–01 (Tex. 2017) (concluding that pre-2019 version of Texas Citizens Participation Act extended its protections to private communications).

[10] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

When the Legislature means that a statute "only" applies to certain kinds of cases, it uses the word "only." The following chart provides several examples of where the Legislature has created a limit to a statute's scope based on the age of the case. Each time, the Legislature not only used the word "only," but went on to specifically define the extent of the exclusion from the statute.

| Statute | Applicable Language |
|---|---|
| Tex. Civ. Prac. & Rem. Code § 38.001 (RECOVERY OF ATTORNEY'S FEES IN CERTAIN CIVIL CASES, 2021 Tex. Sess. Law Serv. Ch. 665, (H.B. 1578, § 2)) (emphases added) | The change in law made by this Act applies ***only*** to an award of attorney's fees in an action commenced on or after the effective date of this Act. ***An award of attorney's fees in an action commenced before the effective date of this Act is governed by the law applicable to the award immediately before the effective date of this Act, and that law is continued in effect for that purpose.*** |
| TCPA (CIVIL ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS, 2019 Tex. Sess. Law Serv. Ch. 378 (H.B. 2730, § 11)) (emphases added) | Chapter 27, Civil Practice and Remedies Code, as amended by this Act, applies ***only*** to an action filed on or after the effective date of this Act. ***An action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.*** |

| | |
|---|---|
| Tex. Civ. Prac. & Rem. Code § 150.002. Certificate of Merit (2009 Texas Senate Bill No. 1201, § 3, Texas Eighty-First Legislature) (emphasis added) | The change in law made by this Act applies *only* to an action or arbitration filed or commenced on or after the effective date of this Act. ***An action or arbitration filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.*** |
| Tex. Fam. Code § 102.003 (AN ACT RELATING TO THE PARENT-CHILD RELATIONSHIP AND TO SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP, 1999 Tex. Sess. Law Serv. Ch. 1390 (H.B. 1622, § 51(c))) (emphasis added) | The changes in law made to Sections 102.003… by this Act apply *only* to a suit affecting the parent-child relationship filed on or after the effective date of this Act. ***A suit filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose.*** |
| Tex. Prob. Code § 5B (Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899) (effective September 1, 2003)) (emphasis added) | Except as otherwise provided in this section or by a specific provision in an article, this Act applies *only* to an action filed on or after the effective date of this Act. ***An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose.*** |

In sum, inserting the word "only" into Section 8 is not "necessary to give effect to the clear legislative intent". H.B. 19 § 8 is fairly read, without any such insertion, to mean just what it says—that starting on September 1, 2024, the business courts are available to all parties in cases for which there is jurisdiction.

For three reasons, the business court reached a different conclusion.

*First*, as to the specific language of Section 8, the business court noted that the statute could have phrased its "open for business" message differently. For example, the court reasoned, the Legislature could have said that business courts "may begin accepting cases on or after September 1, 2024."[11]

But statutory interpretation does not demand perfection from the Legislature. The role of a court, when interpreting a statute, is to construe the words that the Legislature used. As just explained, nothing about the language of Section 8 requires addition of the word "only" to give those terms meaning. Whether the Legislature could have expressed itself using different words is simply not a relevant consideration.

*Second*, the business court observed that the "actions commenced ..." language in Section 8 "necessarily restricts all chapter 25A provisions to cases filed on or after [September 1, 2024],"[12] and noted that Chapter

---

[11] R172.
[12] R173.

25A has "twenty sections" about the operations of the business courts.[13] The court then concluded: "Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law."[14]

In other words, because the new courts were not operating under chapter 25A until September 1, 2024, the business court held that chapter 25A's removal provisions could only apply to cases filed after that date. But that reasoning does not support Defendants' interpretation of the statute. At most, it shows only that a case could not have been removed before September 1, 2024, because no functional business court would have been open to receive that removal. It doesn't explain why, after the business courts became operational on September 1, they would not have removal jurisdiction over existing cases that could now use the newly opened forum and newly created and procedural removal right.

On this point, the specific language of the removal provision in chapter 25A supports Relator's interpretation. That statute says: "A party to ***an action filed in a district court*** or county court at law that is within the jurisdiction of the business court may remove the action to the business court."[15] This case was "an action filed in a district court" as of September

---

[13] R170.

[14] R172; *see also* Petition for Writ of Mandamus, *In re: ETC Field Services, LLC*, filed in December 2024 with this Court (reviewing and analyzing the similar, but analytically distinct, remand order from Hon. Jerry Bullard that is at issue in No. 15-24-00124-CV, *ETC Field Services, LLC v. Tema Oil and Gas Co.*).

[15] Tex. Gov't Code § 25A.006(d).

1, 2024. On that day, pursuant to this statute, the "part[ies] to [this] action" gained the right to remove to business court. Specific statutory language controls over more general terms,[16] and nothing about this specific language shows any legislative intent to limit removal rights to actions initiated after September 1, 2024.

More broadly, when the Legislature enacts a new statute, it is presumed to be aware of all Texas laws, not just the handful of statutes immediately at hand.[17] And while chapter 25A is a new subpart of the Government Code, it is not a standalone set of laws—to the contrary, it has meaning only because of many other statutes that establish the Texas courts and how they work. Here, the Legislature knew that many existing cases across the state could be within business-court jurisdiction, which means that they would be "action[s] filed" in other district courts on September 1, 2024. Yet the Legislature chose not to add the limiting language that it has used on many other occasions.

Absent that language, the best reading of the business-court removal law is that the parties to existing cases acquired a new right as of

---

[16] *See, e.g.*, *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013) ("When construing the statute as a whole, we are mindful that '[i]f a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.' However, in the event that any such conflict is irreconcilable, the more specific provision will generally prevail." (citations omitted)).

[17] *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it." (citing *McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125, 128 (Tex. Comm'n App. 1942, opinion adopted)).

September 1, 2024. Yes, those parties were originally in court because of other statutes (i.e., laws defining the jurisdiction of the district court where the original suit was filed). But that has nothing to do with the right they acquired as a result of the enactment of the removal statute. Whether that new statute was part of a new subchapter, or was not, the rights it created apply to "actions filed" as of September 1, 2024.

*Third*, in response to the several statutes cited by Relator, the business court cited a Family Code amendment that expressly included prior cases within its scope.[18] Here again, the question for statutory interpretation is what the Legislature actually said, and while the Legislature did not include such a provision in Section 8, its absence does not justify implying the term "only" into that statute.

Moreover, the Legislature's inclusion of an explanatory provision in this particular statutory amendment is easily explained. As described in the next section, "procedural" statutes are customarily held to apply to pending actions, but this particular change was arguably substantive because of its effect on parent-child relationships. The Legislature had good reason to add an explanatory phrase to confirm that the change was, in fact, procedural. No such reason exists for chapter 25A because, as a law about

---

[18] R174 (citing Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249) ("SECTION 10. (a) Except as provided in Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.")).

the appropriate forum for certain kinds of cases, it is obviously procedural and not substantive as defined by Texas law.

Defendants also cited a non-binding memo from the Texas Office of Court Administration.[19] But secondary materials should not be consulted for statutory interpretation, particularly when, as here, there is no ambiguity to resolve.[20]

The business court clearly erred by granting the motion to remand.

### B. H.B. 19, a procedural statute, includes cases filed before September 1, 2024.

Analysis of Texas law about the retroactive application of statutes further shows that the business court had jurisdiction, because H.B. 19 is a procedural statute that should apply retroactively.

In its 2010 opinion about the retroactivity clause, *Robinson v. Crown Cork & Seal Co.*, the supreme court held:

> "[I]n determining whether a statute violates the prohibition against retroactive laws in article I, section 16 of the Texas Constitution, courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the

---

[19] *See* R159.

[20] *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("When a statute is not ambiguous on its face, it is inappropriate to use extrinsic aids to construe the unambiguous statutory language."); *see also Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d at 473 (J. Willett, concurring) ("Even in rare cases where we mine secondary sources to help clarify ambiguity, judges, while not limited *to* the text, should always be limited *by* the text." (emphasis in original)).

Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment."[21]

It continued: "Under this test, changes in the law that ***merely affect remedies or procedure***, or that otherwise have little impact on prior rights, are usually not unconstitutionally retroactive."[22]

That statement is consistent with long-standing precedent that, when a statute determines "what tribunal, the Board or the trial court, has the authority to initially decide a Code issue or claim," that statute is procedural in nature and doesn't raise retroactivity concerns.[23] A 2024 supreme court case summarized: "[T]he procedural pathway … is not a matter with which the constitutional retroactivity bar is concerned."[24] That's plainly the purpose of H.B. 19: to establish that business courts are empowered to hear certain cases as defined in that statute.

Examination of the *Robinson* factors confirms this conclusion. As noted previously, there is a strong public interest in the creation of the business courts to expedite complex business cases, create consistent precedent, and free up district courts for other matters.[25] Further, H.B. 19's retroactive application does not impair any right; to the contrary, the

---

[21] *Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126, 145 (Tex. 2010).
[22] *Id.* at 146.
[23] *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002).
[24] *Hogan v. S. Methodist Univ.,* 688 S.W.3d 852, 863 (Tex. 2024).
[25] *See, e.g.,* Foundation and House Research, *supra*, at 12.

case will continue on to trial, in a forum specially designed for just such cases.[26]

The business court compounded its misreading of the statute by failing to apply H.B. 19, a procedural statute, to ongoing cases.

## II.     Relator has no adequate remedy by conventional appeal.

Relator has taken a direct appeal from the grant of Defendants' motion to remand.[27] Defendants have moved to dismiss for lack of appellate jurisdiction. If this Court accepts Defendants' position and dismisses that appeal, then Relator necessarily has no remedy from that appeal, making mandamus relief an appropriate alternative.

More generally, the Texas Supreme Court consistently holds that forum-related errors are a proper subject for mandamus relief because there is no adequate remedy for them by conventional appeal.[28] Federal practice does as well.[29] If a case is tried in the wrong place, the injury is incurred before a post-trial appeal can be taken. Mandamus relief is proper here.

---

[26] *See Robinson*, 335 S.W.3d at 145.

[27] *Synergy Global Outsourcing LLC v. Hinduja Global Solutions, Inc. et al.* No. 05-24-00127-CV (filed in the 15th Court of Appeals on Nov. 12, 2024).

[28] *See, e.g.*, *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding) (enforcing a forum selection clause through mandamus to prevent parties from being forced to litigate in a forum other than the one they contractually agreed upon, which could result in significant time and expense that cannot be remedied on appeal); *Prudential*, 148 S.W.3d at 135-36 (recognizing that mandamus relief is appropriate to enforce a contractual jury-trial waiver, as improperly making a party have a jury trial would waste of resources and time that cannot be adequately remedied on appeal).

[29] *See, e.g.*, *In re Volkswagen of Am.,* 545 S.W.3d 304 (5th Cir. 2008).

## III.  This petition is timely presented.

The record shows that this petition is timely filed. There is no rule-based deadline for a mandamus petition, as writs of mandamus are governed by general principles of equity[30]. The business court's remand order was rendered on October 31, 2024, and a conventional appeal was promptly taken from that order. This mandamus petition has been filed approximately eight weeks from the date of the remand order—well within any equitable deadline, as shown by the fact that the clerk's record for the appeal is not even due until December 30, 2026.[31]

## Conclusion

Relator respectfully requests that the Court require the business court to accept the removal of this cause and grant all such other relief to which they may be entitled that is consistent with that disposition.

---

[30] *E.g.*, *Prudential*, 148 S.W.3d at 138.
[31] *See* Online Docket Sheet, No. 05-24-00127-CV.

DATE: January 3, 2025

Respectfully submitted,

*/s/ David S. Coale*

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

*Attorneys for Relator*

## Certificate of Service

I hereby certify that on January 3, 2025, a true and correct copy of this Petition for Writ of Mandamus was forwarded to all counsel of record via the Electronic Service Provider pursuant to the Texas Rules of Appellate Procedure as follows:

Barry Barnett
**Susman Godfrey L.L.P.**
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
bbarnett@susmangodfrey.com

Ophelia Camiña
**Susman Godfrey L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
ocamina@susmangodfrey.com

Ravi Bhalla
**Susman Godfrey L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
rbhalla@susmangodfrey.com

Hon. Bill Whitehill
First Business Court Division
BCDivision1B@txcourts.gov

*/s/ David S. Coale*
David S. Coale

## Certification

I certify that I have reviewed the foregoing petition and concluded that every factual statement contained therein is supported by competent evidence included in the appendix attached hereto.

January 3, 2025

*/s/ David S. Coale*
David S. Coale

## Certificate of Compliance

I certify that this Petition complies with the typeface requirements of Tex. R. App. P. 9 because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9 because it contains 3,987 words in the relevant sections.

January 3, 2025

*/s/ David S. Coale*
David S. Coale

# EXHIBIT A



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| SYNERGY GLOBAL OUTSOURCING, LLC, *Plaintiff* | § § § § § § § § § | Cause No. 24-BC01B-0007 |
| v. | | |
| HINDUJA GLOBAL SOLUTIONS, INC. and HGS HEALTHCARE, LLC, *Defendants* | | |

## OPINION AND ORDER

Before the court is defendants' motion to remand this case.[1] The court grants that motion because plaintiff filed this suit on December 30, 2019, but this court does not have authority over cases filed before September 1, 2024. Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 8, 2023 Tex. Sess. Law Serv. 919, 929 (H.B. 19).

---

[1] Although defendants' October 15, 2024, filing is captioned, "HSG Parties' Response to the Court's October 2, 2024[ Order," their conclusion and prayer asks the court to find that the case is not removable and remand it to the district court. Because that response is in substance a motion to remand, the court treats it as such. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (treat pleading's substance over form).

## Background

On December 30, 2019, Synergy Global Outsourcing, LLC sued Hinduja Global Solutions, Inc. (HGSI) in the 191st District Court of Dallas County, Texas. Synergy later sued Ali Ganjaei and HGS Healthcare, LLC. All parties were joined before September 1, 2024. This dispute centers on a business development contract dispute. The district court's docket sheet shows seventy-six pages of district and appellate court activity from December 30, 2019, until August 31, 2024.[2]

Plaintiff removed the case to this court on October 1, 2024. Its removal appendix filed two days later contains twenty-five volumes.

On October 3rd, this court requested briefs regarding what effect H.B. 19, § 8 has on this court's authority to hear this case. H.B. 19, § 1's operative sections are codified as Government Code §§ 25A.001-25A.020. GOV'T CODE §§ 25A.001-25A.020.

Twelve days later, defendants moved for remand arguing based on statutory plain text that the removal procedures applicable to business court cases do not apply here because chapter 25A is restricted to actions

---

[2]The district court granted Ganjaei's special appearance, and the court of appeals affirmed.

commenced on or after September 1, 2024, thus precluding application to this 2019 case. They also cited two non-party memoranda on the judicial branch's website stating that only actions filed after September 1, 2024, are removable. Finally, they referred to prior instances where the legislature limited statutory amendments to only cases filed after the statute's effective date.

Plaintiff responded with these basic arguments:

> *First,* a plain language reading of H.B. 19, § 8 reveals no prohibition to the removal of cases, only an affirmation of this Court's ability to start adjudicating cases filed on or after September 1, 2024.

> *Second,* in instances where the Legislature seeks to prevent the application of a Statute to actions commenced before the effective date, it has utilized specific language that does not appear in H.B. 19, § 8.

> *Third,* H.B. 19 (including § 8) is a procedural not substantive statute; accordingly, the removal process outlined therein applies to ongoing, pre-September 1, 2024 [sic] cases.

Plaintiff expanded those arguments and urged textual points and referenced nine examples of the legislature including specific language limiting a statute's application to cases filed after the statute's effective date as evidence that § 8, which omits such explicit language, does not prevent removal in this case. According to plaintiff, § 8's purpose is to signal when the court is open and ready to adjudicate cases as opposed to § 9's September

-3-

1, 2023, date for when the court can begin the administrative process of preparing to open for business in 2024.

The court gave the parties an opportunity to respond, which they did.

Defendants reiterated their plain text arguments and addressed plaintiff's argument that § 8 exists to signal when the court may begin accepting cases by arguing it is H.B. 19, §5's statement that the court was created September 1, 2023, that says when the court may begin accepting cases and so, § 8 must mean something different.

Defendants also invoked the Negative Implication Canon (*inclusio unius est exclusio alterius*) to argue that H.B. 19's application to cases filed on or after September 1, 2024, means that the statute including its removal provisions do not apply to earlier filed cases.

Finally, defendants addressed plaintiff's examples of statutes expressly limiting their application to post-effective date cases by referring to two examples where the legislature included language stating that the legislative changes apply to existing cases as negating plaintiff's argument about needing express language to limit a change in law to new cases.

Plaintiff's response reiterated that § 8's plain text omitted words needed to give it the meaning defendants argued for and identified four cases

defendants cited that, according to plaintiff, support its premise that § 8 needed to include limiting language to limit the court's authority to cases filed on or after September 1, 2024.

Finally, plaintiff urged the court to reject extrinsic materials regarding legislative intent and defendants' policy argument that limiting the court's authority to newly-filed cases makes good sense.

Neither side contends that there are disputed fact issues, and the court does not find any. Nor do the parties contend that H.B. 19 is ambiguous on this issue, and the court does not discern any such ambiguity. Finally, no party requested oral argument.

## Analysis

### A. Overview

The issue is whether H.B. 19, § 8 restricts the court's authority to act to cases commenced on or after September 1, 2024, as defendants contend, or whether § 8 marks the date when the court can begin accepting cases, as plaintiff contends. For the following reasons, the court concludes that § 8 serves both purposes. Thus, the court lacks authority to hear this 2019 case.

**B.    Applicable Law**

This is a statutory construction issue, which is a legal question. *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding). The applicable principles are:

> When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." We construe statutes and related provisions as a whole, not in isolation, . . ., and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, . . ..

*Id.* (citations omitted).

On June 9, 2023, Governor Abbott signed H.B. 19. H.B. 19, § 1 states:

> SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows: . . ..

H.B. 19, § 1. Thereafter, H.B. 19, § 1 adds twenty sections regarding the business court's operation, including §§ 25A.004 and 25A.006 concerning the court's jurisdiction, removal, and remand rules.

Under § 25A.006(f)(1), a party may file an unagreed to removal notice within thirty days after it discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the case. GOV'T CODE, § 25A.006(f)(1). Based on this section, plaintiff contends that its

removal is timely because it filed its notice within thirty days after September 1, 2024, when the court's jurisdiction became effective.

But H.B. 19 has seven other enabling provisions, including §§ 8 and 9:

> SECTION 8. The changes in the law made by this Act Apply to civil actions commenced on or after September 1, 2024.

> SECTION 9. This Act takes effect September 1, 2023.

Because plaintiff's first and second arguments are related, the court addresses them together.

## C.     H.B.19's plain text is dispositive.

### 1. The Statute's Plain Text

Section 25A.006 permits removal of cases to the business court if the case meets business court jurisdictional requirements. *Id.* § 25A.006((d)-(h). But § 25A.006 does not address whether cases, like this one, filed before September 1, 2024, are removable. Nor does any other part of chapter 25A. Rather, one must consider H.B. 19 as a whole to resolve that issue. Sections 8 and 9 provide that resolution.

Section 9 establishes that the statute became effective on September 1, 2023. That is, § 9 was the start date for ramping up this brand-new court to begin hearing cases. Based on § 9 alone, Government Code § 25A.006 would appear to allow parties to remove pending cases to this court beginning on

September 1, 2023. But removals were not practical then because on that date this court had no court space, judges, staff, equipment, supplies, systems, rules, and other things needed to function. So, the legislature provided one-year for the court to become ready to begin accepting cases. H.B. 19, § 8 is that authorizing statute.

However, § 8 does more than set the court's first operational date. If that were all that § 8 does, it would read, "The court may begin accepting cases beginning on September 1, 2024." But that is not what § 8 says.

Rather, § 8 also limits H.B. 19's changes to the law to cases commenced on or after September 1, 2024—a full year after the statute's effective date and the court was created. Section 8's "this Act" in this context means entire H.B. 19, which begins with "An ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." *See* H.B. 19, preface. Section 1 thereafter amends the Government Code by "adding" chapter 25A and its twenty sections. *Id.* Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law.

This court presumes the legislature wrote § 8 the way it did for a reason and cannot ignore its plain language. *In re Panchakarla*, 602 S.W.3d at 540.

-8-

Nor may it judicially amend the statute. *Id.* Indeed, H.B. 19's plain "text is the alpha and omega of the interpretative process." *Id.* at 540-41 (*quoting BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).

Accordingly, this court must construe § 8 as limiting § 25A.006's removal provisions to cases filed on or after September 1, 2024.

### 2. Plaintiff's Arguments

Nonetheless, plaintiff argues that § 8 does not contain the word "only" and shows no affirmative prohibition to removing pre-effective date cases and merely affirms the court's ability to start accepting cases on September 1, 2024. This argument has several deficits.

To begin, that § 8 restricts the court's entire chapter 25A authority to act to cases filed on or after September 1st necessarily restricts all chapter 25A provisions to cases filed on or after that date. So, no specific reference to removals is necessary to preclude removing cases filed before September 1, 2024.

Next, plaintiff cites nine examples of legislative enactments saying that the subject Act applies "only to" cases filed on or after the Act's effective date and stating that a case filed before the Act's effective date is governed by the

-9-

law existing before that date. From there, it argues that (i) those words in those other statutes have meaning and (ii) their absence here means H.B. 19 does not so restrict its procedural application to post-September 1, 2024, filed cases. However, on at least one occasion the legislature included specific language expressly applying a change in law to pending actions:

> SECTION 10. (a) Except as provided in Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249). Thus, by plaintiff's reasoning, language of this sort would be necessary for chapter 25A to have retroactive application here. But no such language exists here either.

Finally, stating that the statute's changes in the law apply to cases filed on or after September 1, 2024, implies that the changes in the law—including the removal provisions—do not apply to cases filed before that date. *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011) (*inclusio unius est exclusio alterius* applies absent a valid alternative construction); Justice Antonin Scalia and James A. Garner, Reading Law 107-11 (2012) (Negative Implication Canon). Here there is no other valid construction. The legislature

could have written the court "may begin accepting cases on or after September 1, 2024" had that been its intent. But they did not say that, and we cannot rewrite the statute to expand the scope of cases removable to this court. *In re Panchakarla*, 602 S.W.3d at 540.

### 3. Remaining Arguments

Because H.B. 19's plain text is dispositive, the court does not address the parties' remaining arguments.

### Conclusion

Accordingly, the court concludes that H.B. 19's plain text precludes plaintiff's removal and remands this case to the 191st District Court of Dallas County, Texas.

It is so Ordered.

BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: October 31, 2024

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95833078
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus and Record in Support
Status as of 1/3/2025 4:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David S.Coale | | dcoale@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 1/3/2025 4:01:27 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 1/3/2025 4:01:27 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Daniela Vera Holmes | | dholmes@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Ravi Bhalla | | rbhalla@susmangodfrey.com | 1/3/2025 4:01:27 PM | SENT |
| Bill Whitehill | | BCDivision1B@txcourts.gov | 1/3/2025 4:01:27 PM | SENT |

Associated Case Party: Synergy Global Outsourcing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tonia Ashworth | | tashworth@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| David S.Coale | | dcoale@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95833078
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus and Record in Support
Status as of 1/3/2025 4:31 PM CST

Associated Case Party: Synergy Global Outsourcing, LLC

| David S.Coale | | dcoale@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
|---|---|---|---|---|
| Beverly Congdon | | bcongdon@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |
| Daniela Vera Holmes | | dholmes@lynnllp.com | 1/3/2025 4:01:27 PM | SENT |